UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 22-2791 (ABJ) |
| ASSA ABLOY AB, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**POST-SCHEDULING CONFERENCE ORDER**

This order memorializes the orders issued by the Court at the scheduling conference held on October 28, 2022 and sets forth further steps for finalizing the Case Management Order ("CMO").

It is ORDERED that a further status conference is scheduled for **December 5, 2022 at 10:00 a.m.** in person in Courtroom 3. The Court notes that its schedule cannot accommodate this hearing any other day that week.

It is FURTHER ORDERED that the government may take 22 fact depositions, not including Rule 30(b)(6) depositions, and that it may notice a second 30(b)(6) deposition of the merging parties with respect to any divestiture identified on December 1, 2022, but not with respect to any anticipated efficiencies, synergies, or cost savings defenses. As the Court stated at the scheduling conference, if the number of topics in a 30(b)(6) deposition notice requires the identification of more than one witness, the deposition would nevertheless count as only one deposition.

With respect to CID depositions is ORDERED that if the parties agree – particularly in light of Fed. R. Evid. 801(d)(2) – that they may introduce excerpts of the CID depositions in lieu of deposing the witnesses a second time, they must inform the Court of that agreement at the next status conference. If the parties do not agree, each party must file by **November 30, 2022** a

1

memorandum of points and authorities no longer than 5 pages concerning the admissibility of the CID depositions.[1]

Further, it is ORDERED that pending the issuance of the CMO, the following agreed-to dates in the parties' proposed CMO [Dkt. # 38-1] apply: the exchange of preliminary witness lists (excluding experts) must be exchanged by **November 15, 2022**, and the production of remedy information is due by **December 1, 2022.**

Also, it is ORDERED that the parties must be prepared to explain at the next status conference why a limit of three experts per side would not be sufficient.

As noted on the record at the scheduling conference, the Court has concerns about whether the schedule proposed in the CMO provides enough time for the resolution of motions and objections to exhibits and deposition designations prior to trial. Therefore, the parties are ORDERED to submit a **revised proposed CMO** by **12:00 noon on Wednesday, November 9, 2022** with a proposed schedule that will enable the parties to comply with the following requirements.

- The case is to be tried beginning on **April 17, 2023**, with the pretrial conference on Tuesday, **April 11, 2023**.

- The pretrial brief must be filed by **March 10, 2023**. Each side may submit one brief, not to exceed 12 pages, setting forth the applicable legal standard to be applied and the party's legal theories. If the parties wish to direct the Court's attention to other U.S. District Court for the District of Columbia decisions, they may provide a list of up to 5 citations; no further explanation of the content of the opinions will be necessary.

- Copies of the expert reports and backup materials exchanged between the parties must be delivered to chambers on **March 24, 2023** in a format the Court will specify in the CMO.

- The parties must exchange their deposition designations and confer about objections on any schedule they design that would permit the agreed-upon deposition excerpts and any unresolved objections to designations to be provided to the Court by **March 17, 2023**. (These will be provided in a format to be detailed in a subsequent order that will call for all designations, counter-designations, and objected-to excerpts to be identified in a single, readable, transcript.)

- Similarly, the parties may design their own timetable for the exchange of exhibit lists, but the joint pretrial statement, including the parties' exhibit lists, which must note the opposing parties' objections and the grounds therefor, will be due on **March 24, 2023**, and

---

1    The parties are reminded that LCvR 5.1(d) requires all filings, including footnotes, to be in 12-point font.

the exhibits will be delivered to chambers on **March 27, 2023** in a format to be specified in the CMO.

- Motions in limine should be used sparingly as this is not a jury trial, and there will be a pretrial conference at which objections to individual exhibits can be resolved. Motions in limine and motions pursuant to *Daubert* or Fed. R. Evid. 703 must be fully briefed by **March 31, 2023**. The parties are welcome to dispense with replies.

- The Court is not of the view that there needs to be a timetable for the resolution of disputes over confidential designations unless and until the documents have been admitted in evidence. If the parties disagree, they may confer and propose an efficient means for addressing disputes the parties cannot resolve among themselves.

With this Order, then, the Joint Motion for Entry of Joint Proposed Scheduling and Case Management Order [Dkt. # 38] is hereby GRANTED IN PART and DENIED IN PART.

**SO ORDERED.**

AMY BERMAN JACKSON
United States District Judge

DATE:  November 3, 2022