**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 22-2791 (ABJ) |
| | ) |
| ASSA ABLOY AB, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**SCHEDULING AND CASE MANAGEMENT ORDER**

1.    **Case Schedule**.  Unless otherwise specified, days will be computed according to Federal Rule of Civil Procedure 6(a).  The parties having met, conferred, and agreed upon a proposed case management order, the Court hereby adopts the following schedule:

| Event | Date |
|---|---|
| **<u>Fact Discovery Schedule</u>** | |
| Fact discovery begins | October 14, 2022 |
| Answers to Complaint due | October 14, 2022 |
| Parties produce Investigation Materials | October 17, 2022 |
| Parties exchange preliminary trial witness lists (excluding experts) | November 15, 2022 |
| Submissions on admissibility of CID depositions, if Parties do not agree | November 30, 2022 |
| Deadline for Production of Remedy Information in Paragraph 24 | December 1, 2022 |
| Status Conference | December 5, 2022 at 10:00 a.m. |
| Close of fact discovery | February 10, 2023 |

| Event | Date |
|---|---|
| Parties exchange final trial witness lists (including experts) | February 10, 2023 |
| Close of supplemental fact discovery | March 10, 2023 |
| **Expect Discovery Schedule** | |
| Plaintiff to serve any initial expert reports | February 10, 2023 (backup materials 2 business days later) |
| Defendants to serve any rebuttal reports | March 3, 2023 (backup materials 2 business days later) |
| Plaintiff to serve any reply reports | March 24, 2023 (backup materials included) |
| Copies of expert reports and backup materials exchanged between the parties delivered to Court (in a format to be directed by the Court to include hyperlinks) | March 24, 2023 |
| Expert Depositions | Before April 7, 2023 |
| **Pre-Trial Schedule** | |
| Parties exchange exhibit lists and opening deposition designations | February 17, 2023 |
| Each Party informs each non-Party of all documents produced by that non-Party that are on the Party's exhibit list and all depositions of that non-Party that have been designated by the Party pursuant to paragraph 37 of the Protective Order | February 24, 2023 |
| Exchange of objections to exhibit list, objections to deposition designations, and/or counters to deposition designations | March 3, 2023 |
| Non-parties provide notice of any objections to the potential public disclosure at trial of any non-Party documents and depositions, including the basis for any such objections, and propose redactions where possible | March 9, 2023 |
| Each side exchanges its objections to the other side's deposition counter-designations | March 9, 2023 |

| Event | Date |
|---|---|
| Pre-trial briefs to be filed | March 10, 2023 |
| Parties meet and confer regarding disputes about trial exhibits and depositions designations, including confidentiality of any Party and non-Party documents or depositions | Week of March 13, 2023 |
| Deadline for filing motions *in limine* and motions pursuant to *Daubert* or Fed. R. Evid. 703 | March 17, 2023 |
| Joint Party Submission to Court regarding deposition designations (in a format to be directed by the Court) | March 17, 2023 |
| Joint Party Submission to Court of exhibit lists and opposing parties' objections and the grounds therefor (in a format to be directed by the Court) | March 24, 2023 |
| Parties submit final trial exhibits to Court (in a format to be directed by the Court to include a list with hyperlinks) | March 27, 2023 |
| Responses to any motions *in limine* and motions pursuant to *Daubert* or Fed. R. Evid. 703 | March 31, 2023 |
| Final pre-trial conference | April 11, 2023 |
| Trial begins | April 17, 2023 |
| Post-trial briefs and proposed findings of fact and conclusions of law to be filed (in a format to be directed by the Court to include hyperlinks) | 2 weeks after trial concludes |

2.    **Service of Complaint**.  Counsel for Defendants, acting on behalf of Defendants, have accepted service of the Complaint and have waived formal service of a summons.

3.    **Discovery Conference**.  The Parties' prior consultations and submission of this Order relieve the Parties of their duty under Federal Rule of Civil Procedure 26(f).

4.    **Completion of Proposed Transaction**.  Defendants have agreed that they will not close, consummate, or otherwise complete the Proposed Transaction until 12:01 a.m. on the 10th day following the entry of the judgment by the Court in this matter, and only if the Court enters an

appealable order that does not prohibit consummation of the transaction.  For purposes of this Order, "Proposed Transaction" means Defendant ASSA ABLOY AB's proposed acquisition of the Hardware and Home Improvement division of Spectrum Brands Holdings, Inc.

5.  **Dispositive Motions**.  Due to the compressed schedule before trial, the Parties agree that no motions to dismiss will be filed in this action.  If any of the Parties intend to file motions for summary judgement, they will meet and confer prior to filings in an effort to agree upon extensions (if necessary) to the various deadlines contained within this Order.

6.  **Jurisdiction and Venue**:  Defendants have consented to personal jurisdiction and venue in this Court.

7.  **Discovery of Confidential Information**.  Discovery and production of confidential information will be governed by any Protective Order entered by the Court in this action and a copy of all such orders shall be included with any discovery requests, notices, or subpoenas directed to non-Parties.

8.  **Investigation Materials**

(a)  **Definitions**.  For purposes of this Order, the following definitions apply:

(i)  "Party" means the Antitrust Division of the U.S. Department of Justice, defendant ASSA ABLOY AB, or defendant Spectrum Brands Holdings, Inc.

(ii)  "Side" means the Party or all the Parties included on the Plaintiffs side (i.e. United States of America") or the combined Defendants side (i.e. both ASSA ABLOY AB and Spectrum Brands Holdings, Inc.).

(iii)  "Relevant Materials" means (a) documents; (b) data; (c) correspondence; (d) transcripts of testimony; and (e) witness statements, including draft and final versions of

declarations and affidavits, letters relating to draft and final versions of declarations and affidavits, and transcripts.

(iv)   "Investigation" means any pre-complaint review, assessment, or investigation of the Proposed Transaction, including any defense to any claim that the Proposed Transaction would violate Section 7 of the Clayton Act.

(v)   "Investigation Materials" means non-privileged Relevant Materials that, (a) any non-Party provided to any Party prior to the filing of this Action, either voluntarily or under compulsory process, in connection with an Investigation; (b) any Party provided to any non-Party prior to the filing of this Action in connection with an Investigation; (c) any Defendant, or affiliated person or entity, provided to the United States, state governmental entities, or foreign competition authorities prior to the filing of this Action, relating to an Investigation; or (d) any non-Party provided to the United States in response to a civil investigative demand, as defined in Antitrust Civil Process Act, 15 U.S.C. § 1312, that was served prior to the filing of this Action.

(vi)   Relevant Materials sent or received solely by any Party (including its counsel) to or from any potential or actual retained expert are not "Investigation Materials" and must be disclosed, if at all, only in accordance with the schedule for expert disclosures and paragraph 20 of this Order.  Relevant Materials obtained by the United States during an investigation or litigation other than investigation of the Proposed Transaction are not "Investigation Materials," and nothing in this Order requires their disclosure.  Communications between counsel for the United States and any of the following entities are not "Investigation Materials" and nothing in this Order requires their disclosure: foreign competition authorities; state governmental entities; or executive-branch agencies of the federal government.  Defendants reserve all rights to seek communications between counsel for the United States and foreign

competition authorities; state governmental entities; or executive-branch agencies of the federal government.

(b)   **Production**.   Consistent with the schedule above, the Parties will produce all Investigation Materials, regardless of whether the materials were collected or received informally or through compulsory process (such as a subpoena or Civil Investigative Demand) and regardless of whether a Party collected or received the materials in hard-copy or electronic form, except that (i) the United States need not produce to Defendants the Investigation Materials that it received from any Defendant; and (ii) Defendants need not produce again to the United States the Investigation Materials that they have previously produced to the United States.

(c)   **Confidentiality**.   At all times before the Court enters a Protective Order, the Parties must treat all third party Investigation Materials provided as required by paragraph 8(b) of this Order as "Confidential Information," as described in the proposed Protective Order.

(d)   **Interview Memoranda**.   The Parties will neither request, nor seek to compel, production of any interview notes, interview memoranda, or a recitation of information contained in such notes or memoranda, except for such material relied upon by a testifying expert and not produced in compliance with paragraph 21 of this Order.

9.   **Initial Disclosures.**   The Parties agree to waive the exchange of disclosures under Federal Rule of Civil Procedure 26(a)(1) and instead will produce the Investigation Materials pursuant to the terms of this Order.

10.   **Statement Regarding Local Civil Rule 16.3(c)(3): Assignment to Magistrate Judge.**   The Parties do not believe or consent that this matter should be assigned to a magistrate judge for all purposes, including trial.

11.     **Statement Regarding Local Civil Rules 16.3(c)(4) and (5): Settlement Possibilities and ADR.**  All Parties have engaged in good-faith settlement negotiations, but despite their efforts, have not been able to settle the matter.  Plaintiff does not believe that this case would benefit from alternative dispute resolution or mediation at this time.  Defendants believe this case could benefit from mediation.  In the event the Parties at any time agree that mediation would assist resolution of this matter, the Parties will meet and confer in an effort to agree upon a revised schedule to the extent necessary to modify the deadlines contained within this Order.

12.     **Timely Service of Fact Discovery and Supplemental Discovery**.  All discovery, including discovery served on non-Parties, must be served in time to permit completion of responses by the close of fact discovery.  However, each Party may issue supplemental discovery requests, including document requests and deposition notices, related to any person identified on a Party's final trial witness list who was not identified on that Party's preliminary trial witness list (including document requests and deposition notices) within 7 days of receipt of final trial witnesses lists.  Complete responses are due consistent with the deadlines set forth in paragraph 13.  Any supplemental discovery must be completed by the deadline for the close of supplemental fact discovery.

13.     **Written Discovery on Parties**.

(a)     **Document Requests**.  There is no limit on the number of requests for the production of documents that may be served by the Parties.  The Parties must serve any objections to requests for productions of documents within 10 business days after the requests are served.  Within 3 business days of service of any objections, the Parties must meet and confer to attempt to resolve in good faith any objections and to agree on custodians to be searched.  Responsive productions (to the extent not subject to any objections or custodian issues that have not been

resolved), must be made on a rolling basis and must begin no later than 21 days after service of the request for production.  The Parties must make good-faith efforts to substantially complete production of documents, data, or data compilations no later than 28 days after service of the requests for production, unless otherwise extended by agreement between the Parties.  Should any objections or custodian issues remain unresolved for 14 days or more after service of the request for production of documents or data, the Parties must make good-faith efforts to complete such remaining responsive productions no later than 14 days after resolution of such objections or custodian issues.  In responding to document requests, none of the Parties must preserve or produce in discovery documents or communications sent solely among outside counsel and inside counsel (acting in a purely legal capacity) for the Party.

(b)    **Interrogatories**.  Interrogatories are limited to 15 (including discrete subparts) by the United States to each Defendant and to 15 (including discrete subparts) by Defendants collectively to the United States.  The Parties must serve any objections to interrogatories within 10 business days after the interrogatories are served.  Within 3 business days of service of any objections, the Parties must meet and confer to attempt to resolve the objections.  The Parties must fully respond to interrogatories no later than 28 days after service of the requests, unless otherwise extended by agreement between the Parties.

(c)    **Requests for Admission**.  Requests for Admission are limited to 10 by the United States to each Defendant and to 10 by Defendants collectively to the United States.  The Parties must serve any objections to Requests for Admission within 10 business days after the Request for Admission are served.  Within 3 business days of service of any objections, the Parties must meet and confer to attempt to resolve the objections.  The Parties must fully respond to Requests for

Admission no later than 28 days after service of the requests, unless otherwise extended by agreement between the Parties.

Counsel are required to confer in good faith in an effort to resolve all discovery disputes before bringing any dispute to the Court. **If counsel have conferred about the specific matter in dispute and agree that they cannot resolve the issue themselves, counsel may contact chambers to arrange a telephone conference with the Court and propose times that are convenient to both sides. No written discovery motion may be filed without a prior conference with the Court and leave of Court.**

14. **Written Discovery on Non-Parties**. The Parties will in good faith cooperate with each other with regard to any discovery to non-Parties in an effort to minimize the burden on non-Parties. Each Party must serve a copy of any discovery request to a non-Party on the other Parties at the same time as the discovery request is served on the non-Party. Every discovery request to a non-Party shall include a cover letter requesting that (a) the non-Party Bates-stamp each document with a production number and any applicable confidentiality designation prior to producing it; and (b) the non-Party provide to the other Parties copies of all productions at the same time as they are produced to the requesting Party. If a non-Party fails to provide copies of productions to the other Parties, the requesting Party shall provide such copies to the other Parties, in the format the productions were received by the requesting Party, within 3 business days of the requesting Party receiving such materials from the non-Party. In addition, if a non-Party produces documents or electronically stored information that are not Bates-stamped, the Party receiving those materials shall request that the non-Party Bates-stamp all documents or electronically stored information and produce such Bates-stamped copies to all Parties simultaneously. Each Party must provide the other Parties with (i) a copy of any written communication (including email) with any non-

9

Party concerning the non-Party's response to or compliance with any subpoena, including any extensions or postponements, within 5 days of the communication; and (ii) a written record of any oral or written modifications to the subpoena, including but not limited to extensions or postponements, within the next business day of the modification.

15.     **Depositions**.  The United States is limited to 22 depositions of fact witnesses, and the Defendants collectively are limited to 22 depositions of fact witnesses.  Each deposition of a Party to be taken under Federal Rule of Civil Procedure 30(b)(6) counts as one deposition, for the purpose of the limits set forth in this paragraph regardless of the number of witnesses produced to testify on the matters for examination in that deposition.  The following depositions do not count against the deposition cap imposed by the preceding sentences:  (a) depositions of any persons identified on a Party's final trial witness list who were not identified on that Party's preliminary trial witness list; (b) depositions of the Parties' designated expert witnesses; (c) depositions taken in response to Civil Investigative Demands prior to filing the Complaint; and (d) depositions taken for the sole purpose of establishing the location, authenticity, or admissibility of documents produced by any Party or non-Party, provided that such depositions may be noticed only after the Party taking the deposition has taken reasonable steps to establish location, authenticity, or admissibility through other means, and further provided that such depositions must be designated at the time that they are noticed as being taken for the sole purpose of establishing the location, authenticity, or admissibility of documents.

Parties will make witnesses (including experts) available for deposition upon 10 business days' notice either via remote means, in-person in Washington, DC, or at a location otherwise agreed upon by the Parties.

For any Party or non-Party deposition conducted virtually, the deposition will take place by videoconference. The court reporter will swear the witness remotely by means of the videoconference. At any time during the deposition, except when a question is pending, the witness may request a break from the videoconference to privately consult with counsel. As is the case for in-person depositions, however, the witness may not otherwise engage in conversations with counsel or third parties during the deposition by instant message, text message, email, or any other means not recorded on the record. No participants other than the court reporter, and videographer if applicable, will record the deposition.

If a Party serves on a non-Party a subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the Party serving those subpoenas must schedule the deposition for a date at least 7 business days after the return date for the document subpoena, and if the Party serving those subpoenas agrees to extend the date of production for the document subpoena in a way that would result in fewer than 7 business days between the extended production date and the date scheduled for that non-Party's deposition, the date scheduled for the deposition must be postponed to be at least 7 business days following the extended production date, unless all other Parties consent to fewer than 7 business days.

Depositions of fact witnesses are limited to no more than one day of 7 hours on the record unless otherwise stipulated. If multiple witnesses are identified for any deposition pursuant to Federal Rule of Civil Procedure 30(b)(6), each witness deposition is limited to no more than one day of 7 hours on the record, unless otherwise stipulated. Each 30(b)(6) deposition identified in this paragraph will count as a single deposition for purposes of the Party's deposition limit. During non-Party depositions, the non-noticing side will receive at least 2 hours of examination time on

the record.  If a non-Party deposition is cross-noticed by Plaintiff and one or both Defendants, then time will be divided equally between the sides (e.g. 3.5 hours to Plaintiff and 3.5 hours collectively to Defendants), and the deposition of the non-Party will count as one deposition for both sides. Any time allotted to one side but not used by that side in a non-Party deposition may not be used by the other side, unless the side that does not use all of its allotted time agrees to allow the other side to use the remaining time.  Notwithstanding any other provisions in this paragraph, if the United States notices the deposition of a non-Party (including an employee of a non-Party) with which a Defendant has agreed to divest or license assets in an effort to address or remedy the antitrust violation alleged by the United States regarding the Proposed Transaction, then the United States will receive no fewer than 6 hours of on the record examination time for the deposition, regardless of whether one or both Defendants cross-notices the deposition.

Any Party may further depose any person whose deposition was taken pursuant to a Civil Investigative Demand, and the fact that such person's deposition was taken pursuant to a Civil Investigative Demand may not be used as a basis for any Party to object to that person's deposition.

Plaintiff may take one deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure of each Defendant, and one additional Rule 30(b)(6) deposition of Defendants collectively limited to Defendants' effort to address or remedy the antitrust violation alleged by the United States regarding the Proposed Transaction.  The 30(b)(6) depositions referenced in the above paragraph do not count against Plaintiff's deposition total.

The Parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witnesses' schedules.

The Court expects that counsel will endeavor in good faith to resolve disputes during depositions among themselves, and it cautions that while appropriate objections may be noted for

the record, no lawyer may instruct a witness not to answer a question unless the question calls for the revelation of privileged material.  Disputes brought to the Court for resolution may be subject to the sanctions provisions set forth in Federal Rule of Civil Procedure 37 and Local Civil Rule 26.2(a).

16.     **Discovery from Executive-Branch Agencies**.  Defendants do not currently intend to seek discovery from any executive-branch agency of the federal government (including any employee of any such agency), but reserve the right in the event such discovery becomes relevant to this matter.  In the event Defendants elect to proceed with Executive Branch related discovery, such discovery will be governed by the Federal Rules of Civil Procedure and this Order, and may require the extension of discovery or other deadlines contained within this Order.

17.     **Evidence from a Foreign Country**.  Before any Party may offer documentary or testimonial evidence from an entity or person located in a foreign country, the other side must be afforded an opportunity by the entity or person (or both, when applicable) to obtain documentary and deposition discovery.  For any non-Party witness who resides outside the United States and is included on the witness lists of any Party, any deposition of that witness may be conducted via remote means, as described in paragraph 15 of this Order, and any such deposition may be conducted under United States law, unless otherwise agreed.  For any Party witness who resides outside the United States and is included on the witness lists of any Party, that witness will be produced by the Party for deposition as described in paragraph 15 of this Order, and under United States law.

Each Party agrees that its litigation counsel in this action will accept service of a deposition notice on behalf of any witness who is an employee of a Party, the Party's subsidiary, or an affiliate of the Party and who resides or is located outside the United States, without requiring additional

or different procedures to be followed pursuant to the Hague Evidence Convention, or any other applicable convention, treaty, law, or rule.  In addition, each Party agrees to make each such witness available for depositions in Washington, DC or another place in the United States determined by agreement of the Parties or via remote means, as described in paragraph 15 of this Order, and that any such deposition will be conducted under United States law.

Each Party agrees that its litigation counsel in this action will accept service of a trial subpoena on its behalf for any witness who is an employee of a Party and who resides or is located outside the United States, without requiring additional or different procedures to be followed pursuant to the Hague Evidence Convention, or any other applicable convention, treaty, law, or rule.  The Parties agree to work in good faith to accommodate reasonable requests to make each such witness available to testify at trial in Washington, DC.

18.   **Privilege Logs**.  The Parties agree that the following privileged or otherwise protected communications may be excluded from privilege logs:   (1) documents or communications sent to or from outside counsel for the Defendants (or persons employed by or acting on behalf of such counsel) after the filing of the Complaint in this matter; (2) documents or communications sent solely between counsel for the United States (or persons employed by or acting on behalf of the United States Department of Justice); (3) documents or communications sent solely between counsel for the United States (or persons employed by or acting on behalf of the United States Department of Justice) and counsel for any state (or persons employed by or acting on behalf of the office of the attorney general of any state) or foreign competition authority; (4) documents or communications sent between outside counsel for either Defendant and inside counsel (acting in a purely legal capacity) for that Defendant; (5) documents or communications sent solely between counsel for the United States (or persons employed by or acting on behalf of

the United States Department of Justice) and counsel for any executive-branch agency of the federal government; (6) privileged draft contracts; (7) draft regulatory filings; and (8) non-responsive, privileged documents attached to responsive documents.  When non-responsive, privileged documents that are attached to responsive documents are withheld from production, however, the Parties will insert a placeholder to indicate a document has been withheld from that family.  For each entry of the privilege log, all attorneys acting in a legal capacity with respect to that particular document or communication will be marked with the designation ESQ after their names (include a space before and after the "ESQ").

19.    **Presumptions of Authenticity**.  Documents and data produced by Parties and non-Parties from their own files will be presumed to be authentic within the meaning of Federal Rule of Evidence 901.  Any good-faith objection to authenticity must be provided with the exchange of other objections to intended trial exhibits.  If the opposing side serves a specific good-faith written objection to authenticity, the presumption of authenticity will no longer apply and the Parties will promptly meet and confer to attempt to resolve any objection.  Any objections that are not resolved through this means or the discovery process will be resolved by the Court.  The exhibit lists to be provided to the Court on March 24 must identify each exhibit by exhibit number, date, and either a title or identifying description, and each list must specify any exhibit to where there remains an objection and the grounds for the objection – for example, FRE 402, 403, 802, 901.  No further explanation is required.

Counsel for each party shall deliver to chambers copies of the exhibits in electronic form on thumb drive or disc and in paper form in a binder (or set of binders) containing copies of all exhibits that the party will seek to introduce – pre-marked with their exhibit numbers and divided by numbered tabs – with an index or table of contents to the binders.  Binders may not be larger

than 3 inches.  Exhibit binders must be labelled on both the front and the spine of the binder with the name of the party, volume number, and the numbers of the exhibits found inside.  (For example: Defendant's Exhibits Vol. I, Ex. 1 – 27).

20.     **Expert Witness Disclosures and Depositions**.  Expert disclosures, including each side's expert reports, must comply with the requirements of Federal Rule of Civil Procedure 26(a)(2) and 26(b)(4), except as modified by this paragraph.  The expert report phasing and procedural deadlines contained within this Order are not intended to change or impact in any way the formal legal burdens applicable to any Party.

(a)     Neither side must preserve or disclose, including in expert deposition testimony, the following documents or information:

(i)     any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in his or her final report shared:

(A)     between the United States or any Defendant's counsel and the United States' or the Defendant's own testifying or non-testifying expert(s);

(B)     between any agent or employee of the United States or Defendant's counsel and the United States or the Defendant's own testifying or non-testifying expert(s);

(C)     between testifying and non-testifying experts;

(D)     between non-testifying experts; or

(E)     between testifying experts;

16

(ii)     any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in his or her final report shared between experts and any persons assisting the expert;

(iii)    the expert's notes, except for notes of interviews participated in or conducted by the expert, if the expert relied upon such notes in forming any opinions in his or her final report;

(iv)    drafts of expert reports, affidavits, or declarations; and

(v)     data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in forming any opinions in his or her final report.

(b)     The Parties agree that the following materials will be disclosed:

(i)     all final reports;

(ii)    a list by bates number of all documents relied upon by the testifying expert(s) in forming any opinions in his or her final reports;

(iii)   copies of any materials relied upon by the expert not previously produced that are not readily available publicly;

(iv)    a list of all publications authored by the expert in the previous 10 years and copies of all publications authored by the expert in the previous 10 years that are not readily available publicly;

(v)     a list of all other cases in which, during the previous 4 years, the expert testified at trial or by deposition, including tribunal and case number; and

(vi)    for all calculations appearing in the final reports, all data and programs underlying the calculations (including all programs and codes necessary to

replicate the calculations from the initial ("raw") data files and the intermediate working-data files that are generated from the raw data files and used in performing the calculations appearing in the final report) and a written explanation of why any observations in the raw data were either excluded from the calculations or modified when used in the calculations.

The court's schedule allows for an opening, rebuttal and reply report. Any additional supplemental report may not be served without agreement by the Parties or leave of Court.

Each expert will be deposed for only one day of 7 hours on the record, with all 7 hours reserved for the side noticing the expert's deposition. A party may depose a disclosed expert at any time, but each expert may be deposed for only one day of 7 hours on the record, unless the Parties otherwise agree.

21. **Witness Lists**. The United States is limited to 20 persons on its preliminary trial witness list, and the Defendants collectively are limited to 20 persons on their preliminary trial witness list. The preliminary witness lists must include the name, employer, address, and telephone number of each witness.

The United States is limited to 15 persons (excluding experts) on its final trial witness list, and the Defendants collectively are limited to 15 persons (excluding experts) on their final trial witness list. Each side's final trial witness list may identify no more than 5 witnesses that were not identified on that side's preliminary trial witness list. If any new witnesses are added to a final trial witness list that were not on that side's preliminary trial witness list, document discovery may be conducted with respect to such person(s), even if outside the close of discovery, and any deposition(s) by the other side of such witness(es) will not count against that other side's total depositions. Any document discovery and/or deposition notices of new witnesses on the Parties'

final trial witness lists must be issued within 7 days of service of the final trial witness lists.  The final trial witness lists must comply with Federal Rule of Civil Procedure 26(a)(3)(A)(i)–(ii), must include the name, employer, address, and telephone number of each witness, and must include a brief summary of the subjects about which any expert witnesses will testify.

In preparing preliminary trial witness lists, final trial witness lists, and expert disclosures, the Parties must make good-faith attempts to identify the witnesses whom they expect that they may present as live witnesses at trial (other than solely for impeachment).  No Party may call a person to testify as a live witness at trial (other than solely for impeachment) unless (a) that person was identified on that Party's final trial witness list; (b) all Parties agree that a Party may call that person to testify; or (c) that Party demonstrates good cause for allowing it to call that person to testify, despite that Party's failure to identify that person as a trial witness sooner.  Witnesses whose testimony will be offered into evidence at trial through designated portions of their deposition testimony shall be identified on final trial witness lists, however those witnesses do not count against the limits on the numbers of persons who may be identified on those lists.

22.     **Demonstrative Exhibits**.  At least two weeks before the start of trial, the Parties agree to meet and confer regarding a process for serving demonstrative exhibits on opposing counsel before the start of any trial day where any such exhibit may be introduced (or otherwise used) at trial.

23.     **Service of Pleadings and Discovery on Other Parties**.  Service of all pleadings, discovery requests (including subpoenas for testimony or documents under Federal Rule of Civil Procedure 45), expert disclosures, and delivery of all correspondence in this matter must be made by ECF if required by applicable rule or otherwise by email, except when the volume of

attachments requires overnight delivery of the attachments or personal delivery, to the following individuals designated by each Party:

For Plaintiff United States of America:

Matthew R. Huppert
U.S. Department of Justice
450 Fifth Street NW, Suite 8700
Washington, DC 20530
Matthew.Huppert@usdoj.gov

David E. Dahlquist
U.S. Department of Justice
209 South LaSalle Street, Suite 600
Chicago, Illinois 60604
David.Dahlquist@usdoj.gov

For Defendant ASSA ABLOY AB:

Charles A. Loughlin
Justin W. Bernick
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
(202) 637-5600
chuck.loughlin@hoganlovells.com
justin.bernick@hoganlovells.com
william.monts@hoganlovells.com

For Defendant Spectrum Brands Holdings, Inc.:

Paul Spagnoletti
Arthur J. Burke
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
(212) 450-4000
paul.spagnoletti@davispolk.com
arthur.burke@davispolk.com

For purposes of calculating discovery response times under the Federal Rules of Civil Procedure, electronic delivery at the time the email was received will be treated in the same manner

20

as hand delivery at that time.  However, for any service other than service of court filings, email service that is delivered after 7:00 p.m. Eastern Time will be treated as if it was served the following business day.

24.     **Timely Production of Discovery Concerning Remedy**.  Within one business day of entering into any agreement or letter of intent to divest or license assets in an effort to address or remedy the antitrust violation alleged by the United States regarding the Proposed Transaction, Defendants will provide the United States with a copy of the divestiture or license agreement or letter of intent, along with any transition services agreements or other related agreements supporting the divestiture or license agreement. Defendants further agree to substantially complete production of documents in response to Plaintiff's document requests served on or before November 1, 2022 related to any such divestiture or license agreement within 28 days of such requests, but no later than December 1, 2022.  Defendants have an ongoing obligation to produce and refresh the following categories of non-privileged documents in their possession, custody, or control: (1) communications with any potential or actual buyer(s), (2) any draft or final agreement(s) exchanged with any potential or actual buyer(s) (including all appendices, schedules and exhibits), and (3) any documents or data requested and shared through a data room (or other shared medium) with any potential or actual buyer(s), every 12 days beginning 28 days after Plaintiffs serve document requests through the close of fact discovery.  Defendants also will identify any bidder(s) for divested assets on or before November 1, 2022, and identify any bidder(s) who submit bids after November 1, 2022 within two business days.  If Defendants' divestiture or license agreement, or other related agreements supporting the divestiture or license agreement, have not been produced by December 1, 2022, fact discovery for Plaintiff will be extended at least day-for-day until Defendants have complied with the provisions of this

paragraph.  The Parties agree that other deadlines in this Order will be similarly extended if Defendants' divestiture or license agreement, or other related agreements supporting the divestiture or license agreement, have not been produced by the December 1, 2022 production deadline in this paragraph.  Plaintiff also reserves the right to seek exclusion of Defendants' remedy evidence for failure to comply with this paragraph pursuant to Federal Rule of Civil Procedure 403.

25. **Nationwide Service of Trial Subpoenas**.  To assist the Parties in planning discovery, and in view of the geographic dispersion of potential witnesses in this action outside this District, the Parties are permitted, under 15 U.S.C. § 23, to issue trial subpoenas that may run into any other federal district requiring witnesses to attend this Court.  The availability of nationwide service of process, however, does not make a witness who is "unavailable" for purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available under those rules or otherwise affect the admissibility at trial of a deposition of a witness.

26. **Court Transcripts**:  The Court grants a blanket order permitting the courtroom reporter to email transcripts designated as Confidential directly to counsel for the Parties without encryption for the duration of this matter.

27. **Modification of Scheduling and Case Management Order**.  Modifications of the rights and responsibilities of the Parties under this Order may be made by mutual agreement of the Parties, provided any such modification has no effect on the schedule for pretrial filings or trial dates.  Otherwise, any Party may seek modification of this Order for good cause.

**SO ORDERED.**

AMY BERMAN JACKSON
United States District Judge

Dated: November 18, 2022