IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>ASSA ABLOY AB, *et al.*,<br><br>*Defendants.* | Civil No. 1:22-cv-02791-ABJ |

**DEFENDANTS' MEMORANDUM REGARDING CID DEPONENTS**

Defendants ASSA ABLOY AB and Spectrum Brand Holdings, Inc. respectfully submit this Memorandum pursuant to the Court's Post-Scheduling Conference Order. *See* ECF No. 44 at 1-2. In that Order, the Court asked for briefing regarding the admissibility of CID depositions if the parties did not agree that the parties "may introduce excerpts of the CID depositions in lieu of deposing the witnesses a second time." *Id.* at 1.

The parties agree that for individuals who are not appearing as trial witnesses, they may offer at trial relevant excerpts of CID depositions in lieu of deposing witnesses a second time. Additionally, Defendants will not object to the admissibility of relevant CID transcript excerpts provided that Defendants may object to particular questions in the same manner as depositions taken pursuant to the Federal Rules of Civil Procedure and regardless of whether the objections were stated on the record at the time the testimony was given, since the CID depositions were not conducted under the Federal Rules. We understand that Plaintiff does not oppose this.

While no briefing should therefore be required under the Court's Order, Plaintiff has indicated that it intends to re-take the depositions of several party witnesses whom it already deposed pursuant to a CID. Plaintiff has correctly pointed out that certain issues, such as the

divestiture, postdate the taking of the CID depositions, and Defendants agree that Plaintiff may re-take the deposition of trial witnesses on those new topics. The parties disagree, however, on whether Plaintiff may re-plow old ground when they depose party witnesses who were previously deposed during the investigation.

Defendants therefore seek further guidance from the Court at the upcoming December 5, 2022, status conference regarding the scope of depositions Plaintiff may take of these witnesses. Defendants respectfully suggest that in the interest of efficiency, such depositions be limited to a half day and be limited to new topics.

Dated: November 30, 2022

Respectfully submitted,

/s/ *Charles A. Loughlin*
Charles A. Loughlin (D.C. Bar No. 448219)
Justin W. Bernick (DC Bar No. 988245)
William L. Monts, III (DC Bar No. 428856)
**HOGAN LOVELLS US LLP**
555 Thirteenth Street, NW
Washington, D.C. 20004
(202) 637-5600
chuck.loughlin@hoganlovells.com
justin.bernick@hoganlovells.com
william.monts@hoganlovells.com

*/s/ Daniel P. Culley*
Daniel P. Culley (D.C. Bar No. 988557)
David I. Gelfand (D.C. Bar No. 416596)
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 974-1500
Facsimile: (202) 974-1999
dculley@cgsh.com
dgelfand@cgsh.com

*Counsel for Defendant ASSA ABLOY AB*

/s/ *Paul Spagnoletti*
Paul Spagnoletti
Arthur J. Burke
Greg D. Andres
Nikolaus J. Williams
**DAVIS POLK & WARDWELL LLP**
450 Lexington Avenue
New York, NY 10017
(212) 450-4000
paul.spagnoletti@davispolk.com
arthur.burke@davispolk.com
greg.andres@davispolk.com
nikolaus.williams@davispolk.com

Jesse Solomon (DC Bar # 998972)
**DAVIS POLK & WARDWELL LLP**
901 15th Street, NW
Washington, DC 20005
(202) 962-7138
jesse.solomon@davispolk.com

*Counsel for Defendant*
*Spectrum Brands Holdings, Inc.*