UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     *Plaintiff*,<br><br>                  v.<br><br>ASSA ABLOY AB, *et al.*,<br><br>                     *Defendants*. | Civil No. 1:22-cv-02791-ABJ |

**PLAINTIFF'S MEMORANDUM CONCERNING THE ADMISSIBILITY
OF CIVIL INVESTIGATIVE DEMAND DEPOSITIONS AT TRIAL**

      The Court's November 3, 2022 Order encouraged the Parties to continue discussions about the admissibility of civil investigative demand ("CID") depositions taken during Plaintiff's pre-complaint investigation of the proposed acquisition at issue in this case, "particularly in light of Fed. R. Evid. 801(d)(2)." ECF No. 44 at 1. The parties have successfully reached an agreement as to one portion of the dispute, but were unable to fully resolve the issue. The United States therefore respectfully submits this memorandum on the remaining disputed issue, as required by the Court's Order. *Id*. at 1-2.

      The parties agree that CID deposition testimony of Defendants' employees is admissible and may be designated as testimony at trial, pursuant to the procedures in the Scheduling and Case Management Order, ECF No. 46, for any CID deponent not called live at trial. That agreement is well supported by the Federal Rules. *See* Fed. R. Evid. 801(d)(2); Fed. R. Civ. P. 32(a).

      However, the parties are at an impasse regarding the admissibility of CID deposition testimony for party witnesses who will be deposed under Rule 30 because they are on

1

Defendants' trial witness list. Plaintiff seeks to take Rule 30 litigation depositions of four party CID deponents (Lucas Boselli, Aaron Brueck, Tim Goff, and Martin Huddart) because they were included on Defendants' trial witness list. Defendants object, contending they will only agree to the admissibility of these witnesses' CID testimony if Plaintiff's Rule 30 depositions are limited to 3.5 hours and limited in scope to only "new issues."

Prior to receiving Defendants' witness list, the United States was willing to consider forgoing a litigation deposition of these four individuals and instead designating their CID deposition testimony. However, because "a party cannot introduce the deposition testimony of a witness (other than for impeachment purposes) who will, in fact, be present and giving live testimony at trial" an agreement about designation of CID deposition testimony is not currently possible for these trial witnesses. *Mazloum v. Dist. of Columbia*, 248 F.R.D. 725, 727 (D.D.C. 2008).

Each witness's prior deposition testimony (whether CID or Rule 30) is admissible and could be used for any purpose at trial for any witnesses Defendants later choose not to call live, but Plaintiff must proceed on the understanding that each of these witnesses will give live testimony. For any witness that will need to be cross-examined at trial, an investigatory CID deposition is not a substitute for a Rule 30 litigation deposition because the two kinds of depositions serve different purposes. Therefore, Plaintiff should be permitted to depose each of these four witnesses under Rule 30 and admit any of their prior deposition testimony at trial if Defendants decide to not call any of them to testify live.

### Rule 30 Depositions Do Not Impact the Undisputed Admissibility of CID Deposition Testimony Because the Two Serve Different Purposes

Federal Rule of Civil Procedure 30 provides that a party may depose "any person" during the course of discovery. Accordingly, Plaintiff may take a Rule 30 deposition of any party

witness, especially any individual on Defendants' trial witness list, on any relevant topic. Defendants previously agreed to this same concept in the CMO. *See* ECF No. 44 at 12 ("[T]he fact that [a] person's deposition was taken pursuant to a [CID] may not be used as a basis for any Party to object to that person's deposition.").

Although both CID depositions and litigation depositions are equally admissible at trial pursuant to Federal Rule of Evidence 801(d)(2)(D) and may be used for any purpose under Federal Rule of Civil Procedure 32(a) for unavailable witnesses, a CID deposition is not a substitute for a Rule 30 deposition when the witness in question will testify live at trial because a CID deposition serves a different purpose than a Rule 30 deposition. A CID deposition is purely investigatory, taken pre-complaint in order for antitrust enforcers to gather sufficient information to determine if further action is necessary or appropriate. *See* 15 U.S.C. § 1312. Rule 30 depositions, by contrast, are taken to create a record for trial, including specifically to question witnesses for the purpose of later cross-examining them at trial. In this case, the CID depositions were also taken before Defendants' proposed divestiture remedy was finalized or disclosed. Because of these differing purposes, it is often appropriate to take both types of depositions for the same witness, and the United States should be permitted to do so here for any CID deponent whom Defendants intend to call to testify at trial. Taking multiple depositions of the same witness does not affect the admissibility of testimony from any of the depositions, so long as the testimony satisfies the Federal Rules of Evidence. *United States v. AT&T Co.*, 1981 U.S. Dist. LEXIS 9527, at *9 (D.D.C. Apr. 9, 1981).

The Court should also reject Defendants' proposal to require Plaintiff to limit its litigation depositions of CID deponents, in both duration and scope, as a condition of those witnesses' CID deposition testimony being admissible. First, Defendants propose to limit the

litigation depositions to only "new issues," but this limit is not workable.  Attempting to navigate this vague limit would only beget multiple disputes about what issues and questions are truly "new."  Any potential prejudice to Defendants from arguably duplicative questioning would be *de minimis*, at best.  Second, Defendants' proposed time limit (3.5 hours) is unduly prejudicial because it would require Plaintiff to use one of its limited number of depositions to conduct only a half deposition, even if the suggested "new" issue scope limitation would warrant a full-day examination on its own.

* * *

For the foregoing reasons, the United States respectfully requests that the Court order that CID deposition testimony of Defendants' employees is admissible at trial, and that Plaintiff is permitted to conduct full Rule 30 depositions of any CID deponents included on Defendants' witness list.

Dated: November 30, 2022    /s/ *David E. Dahlquist*

DAVID E. DAHLQUIST
Senior Litigation Counsel
United States Department of Justice
Antitrust Division
209 South LaSalle Street, Suite 600
Chicago, Illinois 60604
(202) 805-8563
david.dahlquist@usdoj.gov

MATTHEW R. HUPPERT (DC Bar #1010997)
ALEXANDER D. ANDRESIAN (DC Bar #1602464)
Trial Attorneys
United States Department of Justice
Antitrust Division
450 Fifth Street N.W., Suite 8700
Washington, DC 20530
(202) 476-0383
matthew.huppert@usdoj.gov
alexander.andresian@usdoj.gov

*Counsel for Plaintiff United States of America*

# CERTIFICATE OF SERVICE

I, David Dahlquist, certify that this 30th day of November, 2022, I caused a true and correct copy of the foregoing to be served upon all counsel of record, to include the below, via electronic mail using the Court's CM/ECF System.

Paul Spagnoletti
Arthur J. Burke
Greg D. Andres
Nikolaus J. Williams
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
(212) 450-4000
paul.spagnoletti@davispolk.com
arthur.burke@davispolk.com
greg.andres@davispolk.com
nikolaus.williams@davispolk.com

Jesse Solomon (DC Bar # 998972)
DAVIS POLK & WARDWELL LLP
901 15th Street, NW
Washington, DC 20005
(202) 962-7138
jesse.solomon@davispolk.com

*Counsel for Defendant*
*Spectrum Brands Holdings, Inc.*

Charles A. Loughlin
Justin W. Bernick
William L. Monts, III
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
(202) 637-5600
chuck.loughlin@hoganlovells.com
justin.bernick@hoganlovells.com
william.monts@hoganlovells.com

David I. Gelfand
Daniel P. Culley
CLEARY GOTTLIEB
STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, Suite 1000
Washington, DC 20037
(202) 974-1690
dgelfand@cgsh.com
dculley@cgsh.com

*Counsel for Defendant ASSA ABLOY AB*