IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>ASSA ABLOY AB, *et al.*,<br><br>*Defendants.* | Civil No. 1:22-cv-02791-ABJ |

**JOINT STATUS REPORT**

Pursuant to the Court's Minute Order dated February 7, 2023, the Parties respectfully submit the following updated status report (1) "regarding their discussions on whether the government can establish its prima facie case," and (2) to inform the Court of new proposed interim deadlines relating to the exchange of deposition designations and exhibit lists.

The Parties have agreed to revised dates for various deadlines in the Scheduling and Case Management Order, ECF No. 46, as reflected in the attached revised schedule. *See* Attachment A. Defendants have also agreed to a stipulation regarding the United States' *prima facie* case, which is attached as Attachment B.

**PLAINTIFF'S STATEMENT**

The Parties have reached a narrow agreement regarding the United States' *prima facie* case, but the Parties are unable to agree on several other issues that the United States believes need to be addressed at trial, including:

- which specific products are in the relevant product markets;
- the degree of concentration in the relevant markets (*i.e.*, market shares and HHIs);

1

- the nature, extent, and intensity of existing competition in the relevant markets, including whether and to what extent Defendants compete with each other in those markets;

- whether the United States can establish a *prima facie* case other than through market-concentration statistics; and

- whether the United States may establish a *prima facie* case without needing to account for ASSA ABLOY's proposed divestiture remedy.

Of particular importance, the limited stipulation does not obviate the need to present evidence about the nature and intensity of existing competition. Such evidence is needed to evaluate the adequacy of Defendants' proposed divestiture remedy because any remedy would need to restore the intensity of existing competition that may be lost as a result of the challenged transaction. *See* ECF No. 59 at 7-12. Evidence about the strength of the *prima facie* case is also needed to determine whether Defendants can rebut the *prima facie* case through arguments unrelated to the divestiture remedy, such as entry or efficiencies. *See Baker Hughes*, 908 F.2d 981, 991 (D.C. Cir. 1990) ("The more compelling the prima facie case, the more evidence the defendant must present to rebut it successfully.").

**DEFENDANTS' STATEMENT**

The parties have agreed that the products currently sold by Defendants in the relevant markets include no products other than those on an agreed-upon list. Based on that agreement, Defendants are willing to agree to the attached Stipulation regarding Plaintiff's ability to establish a *prima facie* case based on market concentration calculations. *See* Attachment B. As stated in the Stipulation, Defendants do not contest that Plaintiff could establish a *prima facie* case for their proposed relevant markets if the market concentration calculations were limited to the Transaction and did not account for the Divestiture. Defendants also agree that the Stipulation does not itself limit the United States from presenting evidence at trial about the nature and intensity of existing competition in the relevant markets, but believe it is premature for the Court to decide whether

evidence relating to those topics is relevant or admissible, and reserve the right to object to any such evidence. Defendants request that the Court enter the Stipulation because it will save time and expense for the parties and the Court.

Dated: February 20, 2023

Respectfully submitted,

 /s/ *David Dahlquist*
David E. Dahlquist
*Senior Litigation Counsel*
UNITED STATES DEPARTMENT OF JUSTICE
ANTITRUST DIVISION
209 South LaSalle Street, Suite 600
Chicago, Illinois 60604
David.Dahlquist@usdoj.gov

Matthew R. Huppert
Alexander D. Andresian
James R. Duncan, III
Matthew C. Fellows
Kerrie J. Freeborn
Elizabeth A Gudis
Jennifer P. Roualet
*Trial Attorneys*

Marissa Doran
Erin Murdock-Park
*Senior Litigation Counsel*

UNITED STATES DEPARTMENT OF JUSTICE
ANTITRUST DIVISION
450 Fifth Street N.W., Suite 8700
Washington, DC 20530
(202) 476-0383
Matthew.Huppert@usdoj.gov

*Counsel for Plaintiff*
*United States of America*

 /s/ *Justin Bernick*
Justin W. Bernick (DC Bar #988245)
Charles A. Loughlin (D.C. Bar #448219)
William L. Monts, III (DC Bar # 428856)
**HOGAN LOVELLS US LLP**
555 Thirteenth Street, NW
Washington, D.C. 20004
(202) 637-5600
justin.bernick@hoganlovells.com

 /s/ *David Gelfand*
David I. Gelfand (D.C. Bar No. 416596)
Daniel P. Culley (D.C. Bar No. 988557)
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 974-1500
Facsimile: (202) 974-1999
dgelfand@cgsh.com

*Counsel for Defendant ASSA ABLOY AB*

 /s/ *Paul Spagnoletti*
Paul Spagnoletti
Greg D. Andres
Nikolaus J. Williams
**DAVIS POLK & WARDWELL LLP**
450 Lexington Avenue
New York, NY 10017
(212) 450-4000
paul.spagnoletti@davispolk.com

*Counsel for Defendant*
*Spectrum Brands Holdings, Inc.*