# Attachment A

| | |
|---|---|
| **From:** | Huppert, Matthew (ATR) |
| **To:** | Breed, Logan M.; Battaglia, Lauren E.; Shelanski, Howard |
| **Cc:** | Moskowitz, Gabriella (ATR); Dahlquist, David (ATR); Valentine, Rebecca (ATR) |
| **Subject:** | RE: ASSA/Spectrum -- Questions About Proposed Remedy |
| **Date:** | Wednesday, September 14, 2022 3:58:00 PM |

Logan,

We were disappointed to receive your email below, which we believe misstates several key facts. Division staff have been pursuing serious, good-faith remedy discussions with ASSA ABLOY and Spectrum Brands for months, and our questions to the parties on September 2 and September 12 were posed in furtherance of those discussions. During our call yesterday, I told you only that the Division was not proposing to restart the "settlement period" that the parties previously offered as a mechanism to discuss potential settlement prior to the start of CID depositions, but that is because we do not think good-faith discussions about the parties' remedy necessarily require a formal "settlement period." Indeed, we have been continuously seeking additional information about the parties' proposal since shortly after it was originally made on June 6, 2022, including long after the settlement period ended on July 8. For example, during the week of July 4, I asked you to elaborate on the parties' very short June 6 PowerPoint presentation, in a detailed writing that would allow us to better evaluate and provide feedback about the proposal. It took the parties eight weeks to respond to that request, and even then, the written summary you provided was full of gaps and ambiguities, as we explained to you in detail during our call on September 2, two days after you provided a slightly more detailed PowerPoint presentation.

Given these long and ongoing efforts on our part to engage in remedy discussions with you, it is difficult to square your statements below that, on the one hand, the parties are "prepared to provide additional information and answer any additional questions" as a part of "serious remedy discussions," but that, on the other hand, the parties are declining to answer our questions about the remedy proposal because, in your view, doing so would not be "productive." We understand ASSA ABLOY and Spectrum Brands may see it as being to their strategic advantage to withhold information from us about their remedy proposal, but we would have expected more engagement from the parties about the details of their proposal if they were genuinely interested in trying to persuade the Division that the proposal would be a sufficient remedy in this case.

Sincerely,

Matt

---

**Matthew R. Huppert** (he/him)
U.S. Department of Justice | Antitrust Division
450 Fifth Street, NW, Suite 8700
Washington, DC 20001
(202) 476-0383 (cell)

---

**From:** Breed, Logan M. <logan.breed@hoganlovells.com>
**Sent:** Wednesday, September 14, 2022 11:53 AM
**To:** Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Battaglia, Lauren E.

<lauren.battaglia@hoganlovells.com>; Shelanski, Howard <howard.shelanski@davispolk.com>
**Cc:** Moskowitz, Gabriella (ATR) <Gabriella.Moskowitz@usdoj.gov>; Dahlquist, David (ATR) <David.Dahlquist@usdoj.gov>; Valentine, Rebecca (ATR) <Rebecca.Valentine@usdoj.gov>
**Subject:** [EXTERNAL] RE: ASSA/Spectrum -- Questions About Proposed Remedy


Matt,

Thanks for the call yesterday and for your questions below. As we said on our call and wish to reiterate here, the parties are ready at any time to resume serious remedy discussions with DOJ. As part of those discussions, we would be further prepared to provide additional information and answer any additional questions you have about the remedy proposal ASSA ABLOY has provided to you in writing and discussed with you in considerable detail to date. However, because you told us yesterday that you are not reopening remedy discussions with us and have no plans to do so, and because we do not see how the questions you asked us last week relate either to the particular issue you told us was preventing staff from further considering our remedy proposal or to the unspecified "general concerns" with our remedy that were mentioned at Monday's Front Office meeting, we do not see how responding to the questions below would be productive at this point in the process.


Logan


**From:** Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>
**Sent:** Monday, September 12, 2022 4:22 PM
**To:** Breed, Logan M. <logan.breed@hoganlovells.com>; Battaglia, Lauren E. <lauren.battaglia@hoganlovells.com>; Shelanski, Howard <howard.shelanski@davispolk.com>
**Cc:** Moskowitz, Gabriella (ATR) <Gabriella.Moskowitz@usdoj.gov>; Dahlquist, David (ATR) <David.Dahlquist@usdoj.gov>; Valentine, Rebecca (ATR) <Rebecca.Valentine@usdoj.gov>
**Subject:** ASSA/Spectrum -- Questions About Proposed Remedy

**[EXTERNAL]**
Logan, Howard, and Lauren:

Thanks for your time today at the Front Office meeting.  We wanted to follow up on the several questions that Gabby and I posed to you on September 2 about the parties' remedy proposal because we still haven't received answers to those questions.  Could you please provide those answers in writing this week?  We also have a few more questions about the parties' proposal in light of today's meeting:

- During our meeting today, you stated that ASSA ABLOY is running a "process" to identify a divestiture buyer.  Who is running the process (internal and/or external)?
- Can you provide us a copy of any materials that have been provided to potential

- purchasers?
- What is the timeline for the process you are running (*i.e.*, when are responses due)?
- Have you identified names of any potential buyers?  In other words, have you already identified a single preferred buyer or a short list of potential buyers?

Thanks,

Matt

**Matthew R. Huppert** (he/him)
U.S. Department of Justice | Antitrust Division
450 Fifth Street, NW, Suite 8700
Washington, DC 20001
(202) 476-0383 (cell)

**About Hogan Lovells**
Hogan Lovells is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP. For more information, see [www.hoganlovells.com](www.hoganlovells.com).

CONFIDENTIALITY. This email and any attachments are confidential, except where the email states it can be disclosed; it may also be privileged. If received in error, please do not disclose the contents to anyone, but notify the sender by return email and delete this email (and any attachments) from your system.