**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>ASSA ABLOY AB, *et al.*,<br><br>*Defendants.* | Civil No. 1:22-cv-02791-ACR |

**ASSET PRESERVATION STIPULATION AND ORDER**

It is hereby stipulated by and among the undersigned parties, subject to approval and entry of this Order by the Court, as follows.

**I.      DEFINITIONS**

All definitions from the proposed Final Judgment filed with this Asset Preservation Stipulation and Order ("Stipulation and Order"), or any amended proposed Final Judgment agreed upon in writing by the United States and Defendants, apply to this Stipulation and Order.

Additionally, the term "Divestiture Agreements" means:

1. Stock Purchase Agreement, dated as of December 1, 2022 among ASSA ABLOY Inc., Fortune Brands Innovations, Inc. (f/k/a/ Fortune Brands Home & Security, Inc.) ("Fortune") and solely for purposes of Section 13.20 thereof, ASSA ABLOY AB;

2. Closing Implementation Letter, dated as of April 13, 2023 among ASSA ABLOY AB, ASSA ABLOY Inc., and Fortune;

1

3. Software License Agreement to be entered into as of the Divestiture Date between August Home, Inc. and ASSA ABLOY Inc.;

4. Patent License Agreement to be entered into as of the Divestiture Date between each of August Home, Inc. and ASSA ABLOY Residential Group, Inc., on the one hand, and ASSA ABLOY Inc. or their designated Affiliates, on the other hand;

5. Patent License Back Agreement to be entered into as of the Divestiture Date between each of August Home, Inc. and ASSA ABLOY Residential Group, Inc., on the one hand, and ASSA ABLOY Inc. or their designated Affiliates, on the other hand;

6. Intellectual Property Assignment Agreement to be entered into as of the Divestiture Date between Fortune or its Affiliates, on the one hand, and ASSA ABLOY Inc. or its designated Affiliates, on the other hand;

7. Transition Services Agreement to be entered into as of the Divestiture Date between Fortune and ASSA ABLOY Inc. (or any Affiliates thereof); and

8. Supply Agreement to be entered into as of the Divestiture Date between Fortune and ASSA ABLOY Inc., or their designated Affiliates.

The Divestiture Agreements, as redacted for commercial sensitivity, are contained in Attachment A. Attachment B is the Product Development Roadmap, a determinative document within the meaning of 15 U.S.C. § 16(b).

## II.   OBJECTIVES

The proposed Final Judgment filed in this case is meant to ensure ASSA ABLOY's prompt divestiture of the Divestiture Assets used for the manufacture and sale of residential premium mechanical door hardware and smart locks for residential and multi-family uses after

the acquisition of Spectrum Brand's Holdings, Inc.'s ("Spectrum") Hardware and Home Improvement division by ASSA ABLOY AB ("ASSA ABLOY") (the "Transaction"). This Stipulation and Order ensures that, prior to divestiture, ASSA ABLOY will preserve and maintain the Divestiture Assets.

### III.   JOINDER, JURISDICTION, VENUE

It is hereby stipulated and agreed by and among the United States, ASSA ABLOY, Spectrum, and Fortune that, upon approval and entry by the Court of this Stipulation and Order, Fortune agrees to abide by the terms of the proposed Final Judgment in this action for purposes of settlement and for entry of the proposed Final Judgment filed with this Stipulation and Order.

The Court has jurisdiction over the subject matter of this action and over the parties to it. The Complaint states a claim upon which relief may be granted against Defendants ASSA ABLOY and Spectrum under Section 7 of the Clayton Act, as amended, 15 U.S.C. § 18. Pursuant to this Stipulation and Order filed simultaneously with the proposed Final Judgment, Fortune has consented to this Court's exercise of personal jurisdiction over it. Venue for this action is proper in the United States District Court for the District of Columbia.

### IV.   CONSUMMATION OF THE TRANSACTION AND DIVESTITURES

Defendants will not consummate the Transaction before the Court has signed this Stipulation and Order. The closings for the Transaction and the divestiture of the Premium Mechanical Divestiture Assets and Smart Lock Divestiture Assets will be completed substantially simultaneously and no earlier than May 15, 2023.

## V.  COMPLIANCE WITH AND ENTRY OF FINAL JUDGMENT

A. The proposed Final Judgment filed with this Stipulation and Order, or any amended proposed Final Judgment agreed upon in writing by the United States and Defendants, may be filed with and entered by the Court as the Final Judgment, upon the motion of the United States or upon the Court's own motion, after compliance with the requirements of the Antitrust Procedures and Penalties Act ("APPA"), 15 U.S.C. § 16, and without further notice to any party or any other proceeding, as long as the United States has not withdrawn its consent. The United States may withdraw its consent at any time before the entry of the Final Judgment by serving notice on Defendants and by filing that notice with the Court.

B. From the date of the signing of this Stipulation and Order by Defendants until the Final Judgment is entered by the Court, or until expiration of time for all appeals of any ruling declining entry of the proposed Final Judgment, Defendants will comply with all of the terms and provisions of the proposed Final Judgment.

C. From the date on which the Court enters this Stipulation and Order, the United States will have the full rights and enforcement powers set forth in the proposed Final Judgment as if the proposed Final Judgment were in full force and effect as a final order of the Court, and Section XVI of the proposed Final Judgment will also apply to violations of this Stipulation and Order.

D. Defendants agree to arrange, at their expense, publication of the newspaper notice required by the APPA, which will be drafted by the United States in its sole discretion. The publication must be arranged as quickly as possible and, in any event, no later than three business days after Defendants' receipt of (1) the text of the notice from the United States and

4

(2) the identity of the newspaper or newspapers within which the publication must be made. Defendants must promptly send to the United States (1) confirmation that publication of the newspaper notices have been arranged and (2) the certification of the publication prepared by the newspaper or newspapers within which the notice was published.

  E. This Stipulation and Order applies with equal force and effect to any amended proposed Final Judgment agreed upon in writing by the United States and Defendants and filed with the Court.

  F. Subject to the terms of this Asset Preservation Stipulation and Order, ASSA ABLOY represents that the divestitures ordered by the proposed Final Judgment can and will be made and that Defendants will not later raise a claim of mistake, hardship, or difficulty of compliance as grounds for asking the Court to modify any provision of the proposed Final Judgment or this Stipulation and Order.

## VI. APPLICATION OF THE FINAL JUDGMENT

  A. Defendants and Fortune stipulate that the rights and obligations set forth in the Divestiture Agreements constitute Fortune's irrevocable exercise of any options granted to Fortune under the proposed Final Judgment. Defendants and Fortune further stipulate that those Divestiture Agreements and Sections I-IV, V.K, V.M, VI.K, VI.M, VI.N, VI.P, VI.Q, and VII-VIII of the proposed Final Judgment together constitute in full each of ASSA ABLOY's and Fortune's respective rights and obligations with respect to the proposed Final Judgment.

  B. The United States (i) consents pursuant to Paragraphs V.D and VI.D of the proposed Final Judgment that, if Fortune is the Acquirer, the Divestiture Agreements fulfill ASSA ABLOY's obligations to divest the assets described in paragraphs II.K, II.Q(2), V.B,

VI.B, VI.P, VI.Q, and VI.R of the proposed Final Judgment; (ii) consents that, if Fortune is the Acquirer, materials previously provided to Fortune and Fortune's rights under the Divestiture Agreements satisfy the requirements of V.F, V.G, V.H, V.I, V.J, V.L VI.F, VI.G, VI.H, VI.I, VI.J, and VI.L of the proposed Final Judgment, and (iii) if Fortune is the Acquirer, approves the initial conditions for and terms of any supply contracts and transition services agreements contained in the Divestiture Agreements pursuant to Paragraphs V.J, V.L, VI.J, and VI.L of the proposed Final Judgment. For the avoidance of doubt, the United States' consent does not waive any rights or authority the United States or the court-appointed monitor trustee retain under any provision of the proposed Final Judgment with respect to Section IV, compliance with the terms of the proposed Final Judgment, this Stipulation, or divestiture agreements, or consenting or withholding consent for any subsequent modifications as contemplated by the proposed Final Judgment.

  C. Defendants stipulate that the proposed Final Judgment will only be deemed to satisfy the condition contained in Section 10.01(a)(i) of the Asset and Stock Purchase Agreement dated as of September 8, 2021 between Spectrum Brands, Inc. and ASSA ABLOY AB, as amended, if Fortune is the Acquirer.

  D. Paragraphs VI.A and VI.B of this Stipulation and Order do not apply to an Acquirer other than Fortune.

## VII. ASSET PRESERVATION

From the date of the signing of this Stipulation and Order by Defendants and until the divestitures required by the proposed Final Judgment have been accomplished:

  A. ASSA ABLOY must take all actions necessary to operate, preserve, and maintain

the full economic viability, marketability, and competitiveness of the Divestiture Assets including by (1) operating the Divestiture Assets in the ordinary course of business and consistent with past practices and (2) providing sufficient working capital and lines and sources of credit.

  B. ASSA ABLOY must use all reasonable efforts to maintain and increase the sales and revenues of the products provided by the Divestiture Assets and must maintain at 2022 or previously approved levels for 2023, whichever are higher, all promotional, advertising, sales, technical assistance, customer support and service, marketing, research and development, and merchandising support for the Divestiture Assets.

  C. ASSA ABLOY must use all reasonable efforts to maintain and preserve existing relationships with customers, suppliers, governmental authorities, vendors, landlords, creditors, agents, and all others having business relationships relating to the Divestiture Assets.

  D. ASSA ABLOY must maintain, in accordance with sound accounting principles, accurate and complete financial ledgers, books, or other records that report on a periodic basis, such as the last business day of every month, consistent with past practices, the assets, liabilities, expenses, revenues, and income of the Divestiture Assets.

  E. ASSA ABLOY must maintain the working conditions, staffing levels, and work force training and expertise of all Premium Mechanical Divestiture Relevant Personnel and Smart Lock Divestiture Relevant Personnel. Premium Mechanical Divestiture Relevant Personnel and Smart Lock Divestiture Relevant Personnel must not be transferred or reassigned except to Acquirer or via transfer bids initiated by employees pursuant to ASSA ABLOY's regular, established job posting policy. ASSA ABLOY must provide the United States with 10

calendar days' notice of the transfer of Premium Mechanical Divestiture Relevant Personnel and Smart Lock Divestiture Relevant Personnel, and, upon objection by the United States to such transfer, Premium Mechanical Divestiture Relevant Personnel and Smart Lock Divestiture Relevant Personnel may not be transferred or reassigned. ASSA ABLOY must use all reasonable efforts, including by providing financial incentives, to encourage Premium Mechanical Divestiture Relevant Personnel and Smart Lock Divestiture Relevant Personnel to continue in the positions held as of the date of the signing of this Stipulation and Order by ASSA ABLOY, and financial incentives may not be structured so as to disincentivize employees from accepting employment with Acquirer.

F. ASSA ABLOY must maintain all licenses, permits, approvals, authorizations, and certifications related to or necessary for the operation of the Divestiture Assets and must operate the Divestiture Assets in compliance with all regulatory obligations and requirements.

G. ASSA ABLOY must take all steps necessary to ensure that the Divestiture Assets are fully maintained in operable condition at no less than their current capacity and level of sales, with the same level of quality, functionality, access, and customer support, and must, consistent with past practices, maintain and adhere to normal repair and maintenance schedules for the Divestiture Assets.

H. Except as approved by the United States in accordance with the terms of the proposed Final Judgment, ASSA ABLOY must not remove, sell, lease, assign, transfer, pledge, encumber, or otherwise dispose of any of the Divestiture Assets.

I. Defendants must take no action that would jeopardize, delay, or impede the sale of the Divestiture Assets.

J.    Within 20 calendar days after the entry of this Stipulation and Order, ASSA ABLOY will inform the United States of the steps Defendants have taken to comply with this Stipulation and Order.

## VIII.  DURATION OF OBLIGATIONS

ASSA ABLOY's obligations under Section VII of this Stipulation and Order will expire upon the completion of the divestitures required by the proposed Final Judgment or unless otherwise ordered by the Court. In the event that (1) the United States has withdrawn its consent, as provided in Paragraph V.A of this Stipulation and Order; (2) the United States voluntarily dismisses the Complaint in this matter; or (3) the Court declines to enter the proposed Final Judgment, the time has expired for all appeals of any ruling declining entry of the proposed Final Judgment, and the Court has not otherwise ordered continued compliance with the terms and provisions of the proposed Final Judgment, Defendants are released from all further obligations under this Stipulation and Order, and the making of this Stipulation and Order will be without prejudice to any party in this or any other proceeding.

Dated: May 5, 2023

Respectfully submitted,

| | |
|---|---|
| /s/ *Matthew Huppert* | /s/ *Justin Bernick* |
| Matthew R. Huppert | Justin W. Bernick (D.C. Bar No. 988245) |
| Trial Attorney | Logan M. Breed (D.C. Bar No. 479628) |
| UNITED STATES DEPARTMENT OF JUSTICE | Lauren E. Battaglia (D.C. Bar No. 1007093) |
| ANTITRUST DIVISION | Charles A. Loughlin (D.C. Bar No. 448219) |
| 450 Fifth Street N.W., Suite 8700 | William L. Monts, III (D.C. Bar No. 428856) |
| Washington, DC 20530 | Anna Kurian Shaw (D.C. Bar No. 465665) |
| Telephone: (202) 476-0383 | HOGAN LOVELLS US LLP |
| Email: Matthew.Huppert@usdoj.gov | 555 Thirteenth Street, NW |
| | Washington, D.C. 20004 |

David E. Dahlquist  
Senior Trial Counsel  
UNITED STATES DEPARTMENT OF JUSTICE  
ANTITRUST DIVISION  
209 South LaSalle Street, Suite 600  
Chicago, Illinois 60604  
Email: David.Dahlquist@usdoj.gov  

*Counsel for Plaintiff United States of America*

Telephone: (202) 637-5600  
Email: justin.bernick@hoganlovells.com  

   /s/ *David Gelfand*  
David I. Gelfand (D.C. Bar No. 416596)  
Daniel P. Culley (D.C. Bar No. 988557)  
Gabriel J. Lazarus (D.C. Bar No. 1644588)  
CLEARY GOTTLIEB STEEN & HAMILTON LLP  
2112 Pennsylvania Avenue, NW  
Washington, DC 20037  
Telephone: (202) 974-1500  
Email: dgelfand@cgsh.com  

*Counsel for Defendant ASSA ABLOY AB*

   /s/ *Howard Shelanski*  
Howard Shelanski (D.C. Bar No. 452476)  
Paul Spagnoletti  
Greg D. Andres  
DAVIS POLK & WARDWELL LLP  
450 Lexington Avenue  
New York, NY 10017  
Telephone: (212) 450-4000  
Email: howard.shelanski@davispolk.com  

*Counsel for Defendant*  
*Spectrum Brands Holdings, Inc.*

   /s/ *James Mutchnik*  
James H. Mutchnik  
KIRKLAND & ELLIS LLP  
300 N La Salle Dr.  
Chicago, IL 60654  
Telephone: (312) 862-2350  
Email: james.mutchnik@kirkland.com  

*Counsel for Fortune Brands Innovations, Inc.*

**<u>ORDER</u>**

IT IS SO ORDERED by the Court, this _____ day of _____, _____.

_____
United States District Judge