# Exhibit 6



Hogan Lovells US LLP  
Columbia Square  
555 Thirteenth Street, NW  
Washington, DC 20004  
T +1 202 637 5600  
F +1 202 637 5910  
www.hoganlovells.com

Wednesday, May 8, 2024

*Via Email*

Melinda Coolidge  
Hausfeld  
888 16th Street NW  
Suite 300  
Washington, DC 20006

**Re:** *United States of America v. ASSA ABLOY AB, et al.*, 1:22-cv-02791-ACR (D.D.C.)

Dear Melinda:

ASSA ABLOY remains committed to complying with its obligations under the Final Judgment and the Asset Preservation Stipulation and Order (APSO). Indeed, that is exactly what the company has done since the beginning of your engagement as the Monitoring Trustee.

These efforts began with pro-active meetings initiated by ASSA ABLOY to brief you and your team on both these agreements as well as the divestiture transactions with Fortune Brands. These efforts have continued through to the current date, including making ASSA ABLOY personnel available for interviews and responding to each and every document and information request that comports with the authority and responsibilities of the Monitoring Trustee under the Final Judgment. Specifically, ASSA ABLOY has responded to three sets of document requests and information requests.  As of the date of your letter, there were no outstanding document or information requests related to issues regarding which there is no dispute as to your authority under the Final Judgment. The only two document or data requests from your team that remain outstanding relate directly to your ongoing investigation of competitive intensity that we believe finds no support in the Final Judgment, as explained in our previous letter. We also have scheduled and completed all of your requested meetings, the majority of which were not made until April 10, despite our stated concerns with the necessity and purpose of certain of the interviews. ASSA ABLOY has and will continue to do everything required to facilitate your ability to confirm compliance with its plain obligations to effect the divestitures as provided under the Final Judgment and APSO.

ASSA ABLOY cannot, however, agree that the Final Judgment imposes no limits on the Monitoring Trustee's authority. Specifically, it plainly does not authorize the Monitoring Trustee to engage in a limitless industry inquiry in fulfillment of the narrow remit provided for in Section IV, which is circumscribed both in time and scope. It also does not oblige ASSA ABLOY to comply with requests from your team that have no basis in the actual inquiry described therein. Nor does it obligate ASSA ABLOY to pay for such an exercise.

Hogan Lovells US LLP is a limited liability partnership registered in the District of Columbia.  "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in:  Alicante  Amsterdam  Baltimore  Beijing  Birmingham  Boston  Brussels  Colorado Springs  Denver  Dubai  Dusseldorf  Frankfurt  Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  Houston  Johannesburg  London  Los Angeles  Luxembourg  Madrid  Mexico City  Miami  Milan  Minneapolis  Monterrey  Munich  New York  Northern Virginia  Paris  Perth  Philadelphia  Rome  San Francisco  São Paulo  Shanghai  Silicon Valley  Singapore  Sydney  Tokyo  Warsaw  Washington, D.C.  Associated Offices:  Budapest  Jakarta  Riyadh  Shanghai FTZ  Ulaanbaatar.  Business Service Centers:  Johannesburg  Louisville.  Legal Services Center:  Berlin.  For more information see www.hoganlovells.com

\\4124-9184-2384  v5

The missing January invoice that you provided with your letter dated April 26, 2024, represents the largest sum billed to date, an astounding $669,781.32 in a single month.  When combined with the other invoices, the monitorship has billed ASSA ABLOY $2,183,384 for a mere six months of work. Projected over the life of the five-year monitorship, this run-rate indicates a total cost of over $20M. While you state in your letter the invoices "reflect the work needed to comply with the final judgment's requirements," these sums simply cannot be reconciled with the narrow inquiries currently ripe under the Final Judgment.  And the notion that ASSA ABLOY should be required to spend millions of dollars in recent months for the Monitoring Trustee to "establish a pre-transaction baseline for competitive intensity"—when the Department of Justice already expended a massive amount of resources evaluating precisely that question in the underlying trial and litigation—is at best misguided and at worst a gross and unnecessary waste of ASSA ABLOY's resources.

We also recently learned that the Monitoring team is planning a site visit to Vietnam at the end of May. This too appears to be a gross and unjustified waste of resources given the factual record before you. In particular, as detailed in the company's December 15, 2023 Compliance Affidavit and in numerous other communications with you, ASSA ABLOY moved out of the facility you intend to visit by the end of August 2023—nearly nine months ago. Moreover, as detailed in ASSA ABLOY's previous submissions and summarized in our April 17, 2024 letter to you, it is undisputed between ASSA ABLOY and Fortune Brands that Fortune Brands employees direct all aspects of that business and the operations of that facility and have since prior to December 31, 2023. These facts alone belie the notion that there is any value at all to your team physically visiting the factory at tremendous expense to ASSA ABLOY. This is particularly so given that your team has been able to conduct virtual interviews with relevant ASSA ABLOY personnel regarding the Vietnam facility operated by Fortune Brands. For example, on May 8, 2024 your team interviewed Ms. Cassandra Song, Finance Director Asia Smart Residential at ASSA ABLOY, who confirmed that Fortune Brands has had its own separate bank account and accounting ledger since the June 20, 2023 completion date of the broader divestiture of the Smart Lock Divestiture Assets, meaning there is no intermingling of ASSA ABLOY and Fortune Brands funds or accounting related to Fortune Brands' operation of that facility, and has not been at any time since the closing date. Ms. Song further confirmed that ASSA ABLOY has not provided any services under the Finance TSA related to the Vietnam facility since approximately the end of July 2023. Your team has also now interviewed Ms. Alison Astarita who re-confirmed that ASSA ABLOY exited the facility by the end of August 2023 and further stated that she had no role in operating the Fortune Brands' side of that facility during the brief period during which ASSA ABLOY and Fortune Brands both operated out of that facility. We assume you are also able to conduct interviews with relevant Fortune Brands personnel regarding these issues.  For these reasons, we cannot discern any plausible value to your team physically visiting the Vietnam facility in furtherance of your actual duties and authority as Monitor and therefore ASSA ABLOY will not pay any fees or costs associated with this trip.

Accordingly, ASSA ABLOY is lodging through this letter a formal objection pursuant to the Final Judgment in an attempt to resolve these issues.  *See* ECF No. 143 at Section X.C.  Moreover, ASSA ABLOY hereby provides notice that the activities of the Monitoring Trustee constitute a breach of the October 5, 2023, Engagement Agreement, including the provision that the Monitoring Trustee's authority is limited to that set forth in the Final Judgment and other Orders, and that such breach excuses any nonperformance by ASSA ABLOY of its obligations thereunder until such time as the Monitoring Trustee cures the breach. Notwithstanding the foregoing, ASSA ABLOY remains committed to providing the Monitoring Trustee with the documents and interviews that are consistent with the Monitoring Trustee's duties. ASSA ABLOY again requests a narrowing of the scope of your analysis in this matter consistent with the Final Judgment and Engagement Agreement, and a commensurate (and substantial) reduction on the pending and future invoices, which remain in dispute.

- 3 -

Sincerely,

*/s/ Lauren Battaglia*

Lauren E. Battaglia
Partner
lauren.battaglia@hoganlovells.com
(202) 637-5761

cc:

Matthew R. Huppert
matthew.huppert@usdoj.gov

Jay D. Owen
jay.owen@usdoj.gov