# Exhibit 7



**ESCROW AGREEMENT**

**between**

**ASSA ABLOY INC.**

**and**

**CITIBANK, N.A., as Escrow Agent**

**Dated as of June 14, 2024**

**ESCROW AGREEMENT** (this "Agreement"), dated as of June 14, 2024, by and between ASSA ABLOY Inc., an Oregon corporation ("ASSA ABLOY"), and Citibank, N.A., a national banking association organized and existing under the laws of the United States of America ("Citibank") and acting through its Agency and Trust business and solely in its capacity as escrow agent under this Agreement, and any successors appointed pursuant to the terms hereof (Citibank in such capacity, the "Escrow Agent").

**WHEREAS,** the Final Judgment in *United States of America v. ASSA ABLOY AB, et al.* Civil Action 1:22-cv-02791-ACR was entered in the United States District Court for the District of Columbia (the "Court") on September 13, 2023 (the "Settlement");

**WHEREAS**, in connection with the Settlement, ASSA ABLOY AB and Hausfeld LLP ("Hausfeld") have entered into that certain Engagement Agreement for Service of Melinda R. Coolidge as Monitoring Trustee, dated as of September 29, 2023 (the "Monitoring Agreement"), pursuant to which sets forth the agreement between Hausfeld and ASSA ABLOY AB with respect to Melinda R. Coolidge's servide as the Monitoring Trustee;

**WHEREAS**, ASSA ABLOY will deposit the Escrow Deposit (as defined below), which equals to the amounts of unpaid and disputed invoices submitted by Hausfeld as of the date hereof and will establish an escrow arrangement for the purposes set forth therein; and

**NOW, THEREFORE,** for good and valuable consideration, the receipt and adequacy of which is hereby irrevocably acknowledged, the parties hereto agree as follows:

1.    **Appointment; Establishment of Escrow Account.**

(a)    ASSA ABLOY hereby appoints the Escrow Agent as escrow agent for the purposes set forth herein, and the Escrow Agent hereby accepts such appointment and agrees to act as escrow agent hereunder, to hold and release the Escrow Property (as defined below) in accordance with the terms and conditions set forth herein.

(b)    On June 14, 2024, ASSA ABLOY shall deposit with the Escrow Agent in immediately available funds the amount of $2,404,978.55, (the "Escrow Deposit", and together with any interest, investment income, or proceeds received from the deposit or investment thereof, shall be collectively referred to herein as the "Escrow Property"). The Escrow Deposit shall be deposited in an interest-bearing account insured by the Federal Deposit Insurance Corporation to the applicable limits (the "Escrow Account"). ASSA ABLOY acknowledges that the initial interest rate is subject to change from time to time and shall be reflected in the monthly statement provided to ASSA ABLOY.

2.    **Claims and Payment; Release from Escrow.** ASSA ABLOY shall act in accordance with, and the Escrow Agent shall hold and release the Escrow Property as provided in this Section 2 as follows:

(a)    Upon receipt of a notice substantially in the form set forth in Exhibit A attached hereto (a "Joint Release Instruction and Joinder") which notice shall constitute a joinder by Hausfeld to this Agreement and joint written instructions executed by an Authorized Person (as defined below) of each of ASSA ABLOY and Hausfeld, directing the Escrow Agent to disburse all or a portion of the Escrow Property, the Escrow Agent shall promptly, but in any event within two (2) Business Days after receipt of a Joint Release Instruction and Joinder, disburse all or part of the Escrow Property in accordance with such Joint Release Instruction and Joinder in the amount set forth therein.  For purposes of this Agreement, "*Business Day*" shall mean any day that is not a Saturday, a Sunday or other day on which banks are not required or authorized by law to be closed in New York, New York.

-1-

citi

(b)     Upon receipt by the Escrow Agent of a copy of a court order, together with (i) a certificate of ASSA ABLOY or Hausfeld in the form of <u>Exhibit B</u> attached hereto to the effect that such order is final and non-appealable and from a court of competent jurisdiction having proper authority and (ii) written payment instructions of the prevailing party to effectuate such order (a "<u>Final Determination</u>"), the Escrow Agent shall on the fifth (5th) Business Day following receipt of such Final Determination, disburse as directed, part or all, as the case may be, of the Escrow Property (but only to the extent funds are available in the Escrow Account) in accordance with such Final Determination. The Escrow Agent shall be entitled to act on such Final Determination without further inquiry.

(c)     Notwithstanding the foregoing provisions of this Section 2, on December 31, 2024 (the "<u>Final Release Date</u>"), the Escrow Agent shall disburse all remaining Escrow Property, if any, to ASSA ABLOY pursuant to wire payment instruction provided by ASSA ABLOY. To the extent that, upon the Final Release Date, Hausfeld has become a party to this Agreement pursuant to instructions given pursuant to Section 2(a) or 2(b) hereof, Hausfeld hereby consents to the release of all remaining Escrow Property, if any, to ASSA ABLOY.

**3.     <u>Tax Matters</u>.**

(a)     ASSA ABLOY agrees any earnings or proceeds received on or distributions of earnings or proceeds from the Escrow Property during a calendar year period shall be treated as the income of ASSA ABLOY and shall be reported on an annual basis by the Escrow Agent on the appropriate United States Internal Revenue Service ("<u>IRS</u>") Form 1099- INT to ASSA ABLOY, as required pursuant to the Internal Revenue Code of 1986, as amended (the "<u>Code</u>") and the regulations thereunder. Principal payments are not reportable to any payee hereunder. ASSA ABLOY and the Escrow Agent agree that the Escrow Agent will not be responsible for providing tax reporting and withholding for payments which are for compensation for services performed by an employee or independent contractor.

(b)     If IRS imputed interest requirements apply, ASSA ABLOY  is solely responsible to inform the Escrow Agent, provide the Escrow Agent with all imputed interest calculations, and direct the Escrow Agent to disburse imputed interest amounts. The Escrow Agent shall rely solely on such provided calculations and information and shall have no responsibility for the accuracy or completeness of any such calculations or information or for the failure of ASSA ABLOY to provide such calculations or information.

(c)     ASSA ABLOY shall upon the execution of this Agreement provide the Escrow Agent with a duly completed and properly executed IRS Form W-9 or applicable IRS Form W-8, in the case of a non-U.S. person, for each payee, together with any other documentation and information requested by the Escrow Agent in connection with the Escrow Agent's tax reporting obligations under the Code and the regulations thereunder. With respect to the Escrow Agent's tax reporting obligations under the Code, the Foreign Account Tax Compliance Act and the Foreign Investment in Real Property Tax Act and any other applicable law or regulation, ASSA ABLOY understands that, in the event valid U.S. tax forms or other required supporting documentation are not provided to the Escrow Agent, the Escrow Agent may be required to withhold tax from the Escrow Property and report account information on any earnings, proceeds or distributions from the Escrow Property.

(d)     Should the Escrow Agent become liable for the payment of taxes, including withholding taxes relating to any funds, including interest and penalties thereon, held by it pursuant to this Agreement or any payment made hereunder, the Escrow Agent shall satisfy such liability to the extent possible from the Escrow Property. ASSA ABLOY agrees to indemnify and hold the Escrow Agent harmless pursuant to Section 5(c) hereof from any liability or obligation on account of taxes, assessments, interest, penalties, expenses and other governmental charges that may be assessed or asserted against the Escrow Agent.

citi

(e)     The Escrow Agent's rights under this <u>Section 3</u> shall survive the termination of this Agreement or the resignation or removal of the Escrow Agent.

**4.     <u>Concerning the Escrow Agent</u>.**

(a)     <u>Escrow Agent Duties</u>.  ASSA ABLOY acknowledges and agrees that (i) the duties, responsibilities and obligations of the Escrow Agent shall be limited to those expressly set forth in this Agreement, each of which is administrative or ministerial (and shall not be construed to be fiduciary) in nature, and no duties, responsibilities or obligations shall be inferred or implied, (ii) the Escrow Agent shall not be responsible for any of the agreements referred to or described herein (including without limitation the Monitoring Agreement and any defined term therein not otherwise defined in this Agreement), or for determining or compelling compliance therewith, and shall not otherwise be bound thereby, (iii) the Escrow Agent shall not be required to expend or risk any of its own funds to satisfy payments from the Escrow Property hereunder, and (iv) the Escrow Agent shall have no duty to solicit any payments which may be due it or the Escrow Account.

(b)     <u>Liability of Escrow Agent</u>.  The Escrow Agent shall not be liable for any damage, loss or injury resulting from any action taken or omitted in the absence of gross negligence or willful misconduct (as finally adjudicated by a court of competent jurisdiction).  In no event shall the Escrow Agent be liable for indirect, incidental, consequential, punitive or special losses or damages (including but not limited to lost profits), regardless of the form of action and whether or not any such losses or damages were foreseeable or contemplated.  The Escrow Agent shall be entitled to rely upon any instruction, notice, request or other instrument delivered to it without being required to determine the authenticity or validity thereof, or the truth or accuracy of any information stated therein.  The Escrow Agent may act in reliance upon any signature believed by it to be genuine (including any signature affixed by DocuSign) and may assume that any person purporting to make any statement, execute any document, or send any instruction in connection with the provisions hereof has been duly authorized to do so.  The Escrow Agent may consult with counsel satisfactory to it, and the opinion or advice of such counsel shall be full and complete authorization and protection in respect of any action taken, suffered or omitted by it in good faith and in accordance with the opinion and advice of such counsel.  The Escrow Agent may perform any and all of its duties through its agents, representatives, attorneys, custodians and/or nominees.  The Escrow Agent shall not incur any liability for not performing any act or fulfilling any obligation hereunder by reason of any occurrence beyond its control (including, without limitation, any provision of any present or future law or regulation or any act of any governmental authority, any act of God or war or terrorism, or the unavailability of the Federal Reserve Bank wire services or any electronic communication facility).

(c)     <u>Reliance on Orders</u>.  The Escrow Agent is authorized to comply with final orders issued or process entered by any court with respect to the Escrow Property, without determination by the Escrow Agent of such court's jurisdiction in the matter.  If any portion of the Escrow Property is at any time attached, garnished or levied upon under any court order, or in case the payment, assignment, transfer, conveyance or delivery of any such property shall be stayed or enjoined by any court order, or in case any order, judgment or decree shall be made or entered by any court affecting such property or any part thereof, then and in any such event, the Escrow Agent is authorized to rely upon and comply with any such order, writ, judgment or decree which it is advised is binding upon it without the need for appeal or other action; and if the Escrow Agent complies with any such order, writ, judgment or decree, it shall not be liable to ASSA ABLOY or to any other person or entity by reason of such compliance even though such order, judgment or decree may be subsequently reversed, modified, annulled, set aside or vacated.

(d)     <u>Erroneous Payments</u>.  If the Escrow Agent releases any funds (including but not limited to the Escrow Property or any portion of it) to ASSA ABLOY and subsequently determines

-3-

citi

(in its absolute discretion) that the payment (or any portion of it) was made in error, ASSA ABLOY shall upon notice promptly refund the erroneous payment, and none of the obligations of ASSA ABLOY or the remedies of the Escrow Agent will be affected by any act, omission, matter or thing (including, without limitation, any obligation pursuant to which an erroneous payment is made) which, but for this provision, would reduce, release, preclude or prejudice any such obligation or remedy (whether or not known by the Escrow Agent or ASSA ABLOY). ASSA ABLOY agrees not to assert discharge for value, bona fide payee, or any similar doctrine as a defense to recovery of any erroneous payment by the Escrow Agent.

5.   **Compensation, Expense Reimbursement and Indemnification.**

(a)   Compensation.  ASSA ABLOY covenants and agrees to pay the Escrow Agent's compensation specified in Schedule A.  ASSA ABLOY covenants and agrees to pay to the Escrow Agent all out-of-pocket expenses incurred by the Escrow Agent in the performance of its role under this Agreement (including, but not limited to, any attorney's fees incurred in connection with the preparation and negotiation of this Agreement, which shall be due and payable upon the execution of this Agreement).

(b)   Security and Offset. ASSA ABLOY hereby grants to the Escrow Agent a first lien upon, and right of offset against, the Escrow Property with respect to any fees or expenses due to the Escrow Agent hereunder (including any claim for indemnification hereunder).  In the event that any fees or expenses, or any other obligations owed to the Escrow Agent (or its counsel) are not paid to the Escrow Agent within 30 calendar days following the presentment of an invoice for the payment of such fees and expenses or the demand for such payment, then the Escrow Agent may, without further action or notice, pay such fees and expenses from the Escrow Property and may sell, convey or otherwise dispose of any Escrow Property for such purpose. The Escrow Agent may in its sole discretion withhold from any distribution of the Escrow Property an amount of such distribution it reasonably believes would, upon sale or liquidation, produce proceeds equal to any unpaid amounts to which the Escrow Agent is entitled to hereunder.

(c)   Indemnification. ASSA ABLOY covenants and agrees to indemnify the Escrow Agent and its employees, officers, directors, affiliates, and agents (each, an "Indemnified Party") for, hold each Indemnified Party harmless from, and defend each Indemnified Party against, any and all claims, losses, actions, liabilities, costs, damages and expenses of any nature incurred by any Indemnified Party, arising out of or in connection with this Agreement or with the administration of its duties hereunder, including but not limited to attorney's fees, costs and expenses, except to the extent such loss, liability, damage, cost or expense shall have been finally adjudicated by a court of competent jurisdiction to have resulted from the Indemnified Party's own gross negligence or willful misconduct. The foregoing indemnification and agreement to hold harmless shall survive the termination of this Agreement and the resignation or removal of the Escrow Agent.

6.   **Dispute Resolution.**  In the event of any disagreement between ASSA ABLOY and any other person, resulting in adverse claims or demands being made with respect to the subject matter of this Agreement, or in the event that the Escrow Agent, in good faith, is in doubt as to any action it should take hereunder, the Escrow Agent may, at its option, refuse to comply with any claims or demands and refuse to take any other action hereunder, so long as such disagreement continues or such doubt exists, and in any such event, the Escrow Agent shall not be liable in any way or to any person for its failure or refusal to act, and the Escrow Agent shall be entitled to continue to so refuse to act and refrain from acting until the Escrow Agent shall have received (i) a Final Determination or (ii) a Joint Release Instruction and Joinder, in which case the Escrow Agent shall be authorized to disburse the Escrow Property in accordance with such Final Determination or Joint Release Instruction and Joinder.  The Escrow Agent shall have the option, after 30 calendar days' notice to ASSA ABLOY of its intention to do so, to petition (by means of filing an action in interpleader or any other appropriate

citi

method) any court of competent jurisdiction, for instructions with respect to any dispute or uncertainty, and to the extent required or permitted by law, pay into such court the Escrow Property for holding and disposition in accordance with the instructions of such court.  The costs and expenses (including reasonable attorneys' fees and expenses) incurred by the Escrow Agent in connection with such proceeding shall be paid by, and be the obligation of, ASSA ABLOY.

7.    **Entire Agreement.**  This Agreement constitutes the entire agreement between the parties and sets forth in its entirety the obligations and duties of the Escrow Agent with respect to the Escrow Property. This Agreement is for the exclusive benefit of the parties to this Agreement and their respective permitted successors, and shall not be deemed to give, either expressly or implicitly, any legal or equitable right, remedy, or claim to any other entity or person whatsoever.  No party may assign any of its rights or obligations under this Agreement without the prior written consent of the other parties.

8.    **Resignation and Removal.** (a)  ASSA ABLOY may remove the Escrow Agent at any time by giving to the Escrow Agent thirty (30) calendar days' prior written notice of removal signed by an Authorized Person of ASSA ABLOY.  The Escrow Agent may resign at any time by giving to ASSA ABLOY thirty (30) calendar days' prior written notice of resignation.

(b)    Within thirty (30) calendar days after giving the foregoing notice of removal to the Escrow Agent or within thirty (30) calendar days after receiving the foregoing notice of resignation from the Escrow Agent, ASSA ABLOY shall appoint a successor escrow agent and give notice of such successor escrow agent to the Escrow Agent.  If a successor escrow agent has not accepted such appointment by the end of such 30-day period, the Escrow Agent may either (A) safe keep the Escrow Property until a successor escrow agent is appointed, without any obligation to invest the same or continue to perform under this Agreement, or (B) apply to a court of competent jurisdiction for the appointment of a successor escrow agent or for other appropriate relief.

(c)    Upon receipt of notice of the identity of the successor escrow agent, the Escrow Agent shall either deliver the Escrow Property then held hereunder to the successor escrow agent, less the Escrow Agent's fees, costs and expenses, or hold such Escrow Property (or any portion thereof) pending distribution, until all such fees, costs and expenses are paid to it.  Upon delivery of the Escrow Property to the successor escrow agent, the Escrow Agent shall have no further duties, responsibilities or obligations hereunder.

9.    **Governing Law; Jurisdiction; Waivers.**  This Agreement is governed by and shall be construed and interpreted in accordance with the laws of the State of New York without giving effect to the conflict of laws principles thereof.  The parties irrevocably and unconditionally submit to the exclusive jurisdiction of the federal and state courts located in the Borough of Manhattan, City, County and State of New York, for any proceedings commenced regarding this Agreement.  The parties irrevocably submit to the jurisdiction of such courts for the determination of all issues in such proceedings and irrevocably waive any objection to venue or inconvenient forum for any proceeding brought in any such court. The parties irrevocably and unconditionally waive any right to trial by jury with respect to any proceeding relating to this Agreement.

10.    **Representations and Warranties.**

(a)    ASSA ABLOY represents and warrants that it has full power and authority to execute and deliver this Agreement and to perform its obligations hereunder; and this Agreement has been duly approved by all necessary action and constitutes its valid and binding agreement enforceable in accordance with its terms, except as may be limited by applicable bankruptcy, insolvency, moratorium, reorganization or other similar laws affecting the enforcement of creditors' rights and subject to general equity principles.

\\4128-7337-2752  v6

citi

(b)     None of ASSA ABLOY or any of its parents or subsidiaries, or any of its respective directors, officers, or employees, or to the knowledge of ASSA ABLOY, the affiliates of ASSA ABLOY or any of its subsidiaries, will, directly or indirectly, use any part of any proceeds or lend, contribute, or otherwise make available such Escrow Property in any manner that would result in a violation by any person of economic, trade, or financial sanctions, requirements, or embargoes imposed, administered, or enforced from time to time by the United States (including, without limitation, the Office of Foreign Assets Control of the U.S. Department of the Treasury and the U.S. Department of State), the United Kingdom (including, without limitation, His Majesty's Treasury), the European Union and any EU member state, the United Nations Security Council, and any other relevant sanctions authority.

11.     **Notices; Instructions.**

(a)     Any notice or instruction hereunder shall be in writing in English, and may be sent by (i) secure file transfer or (ii) electronic mail with a scanned attachment thereto of an executed notice or instruction, and shall be effective upon actual receipt by the Escrow Agent in accordance with the terms hereof. Any notice or instruction must be executed (which execution may be manual or affixed by DocuSign) by an authorized person of ASSA ABLOY (the person(s) so designated from time to time, the "Authorized Persons"). The applicable persons designated on Schedule B attached hereto have been duly appointed to act as Authorized Persons hereunder and individually have full power and authority to execute any notices or instructions, to amend, modify or waive any provisions of this Agreement, and to take any and all other actions permitted under this Agreement, all without further consent or direction from, or notice to, it or any other party. Any notice or instruction must be originated from a corporate domain. Any change in designation of Authorized Persons shall be provided by written notice, signed by an Authorized Person, and actually received and acknowledged by the Escrow Agent. Any communication from the Escrow Agent that the Escrow Agent deems to contain confidential, proprietary, and/or sensitive information shall be encrypted in accordance with the Escrow Agent's internal procedures.

(b)     In the event a Joint Release Instruction and Joinder or Final Determination is delivered to the Escrow Agent, whether in writing or otherwise, the Escrow Agent is authorized (but not obligated) to seek confirmation of such instruction by telephone call back to the person or persons designated in Schedule B (the "Call Back Authorized Individuals"), and the Escrow Agent may rely upon the confirmations of anyone purporting to be a Call Back Authorized Individual. To ensure accuracy of the instructions it receives, the Escrow Agent may record such call backs. If the Escrow Agent is unable to verify the instructions, or is not satisfied with the verification it receives, it will not execute the instruction until all such issues have been resolved. The persons and telephone numbers for call backs may be changed only in writing, executed by an Authorized Person of ASSA ABLOY or Hausfeld , as applicable and actually received and acknowledged by the Escrow Agent.

(c)     ASSA ABLOY understands and agrees that the Escrow Agent cannot determine the identity of the actual sender of any notice or instruction and that the Escrow Agent shall be entitled to conclusively presume that notices or instructions that purport to have been sent by an Authorized Person have been sent by such Authorized Person. ASSA ABLOY agrees: (i) to assume all risks arising out of the use of electronic means (including electronic mail, secure file transfer or such other method or system specified by the Escrow Agent as available for use in connection with its services hereunder) to submit instructions to the Escrow Agent, including without limitation the risk of the Escrow Agent acting on unauthorized instructions, and the risk of interception or misuse by third parties; (ii) that it is fully informed of the protections and risks associated with the various methods of transmitting instructions to the Escrow Agent and that there may be more secure methods of transmitting instructions than the method(s) selected by ASSA ABLOY; (iii) that the security procedures (if any) to be followed in connection with its transmission of instructions provide to it a commercially reasonable degree of protection in light of its particular needs and circumstances; and (iv) to

-6-

citi

notify the Escrow Agent immediately upon learning of any compromise or unauthorized use of the security procedures. ASSA ABLOY agrees that the security procedures set forth in Section 11(a) Section 11(b) and this Section 11(c) are commercially reasonable.

> If to ASSA ABLOY:
> ASSA ABLOY Inc.
> 110 Sargent Drive
> New Haven, CT 06511
> Attention: L. Page Heslin, General Counsel
> Telephone: (203) 499-6868
> E-mail: page.heslin@assaabloy.com
>
> If to the Escrow Agent:
>
> Citibank, N.A.
> Agency & Trust
> 388 Greenwich Street
> New York, NY 10013
> Attn.: Paolo Ippolito
> Telephone: (212) 816-8831
> E-mail: cts.spag@citi.com / paolo.ippolito@citi.com

    (c)    Any funds to be paid by the Escrow Agent hereunder shall be sent by wire transfer in accordance with <u>Section 2</u>.

    (d)    Payments to the Escrow Agent shall be sent by wire transfer pursuant to the following instructions: **CITIBANK, N.A.**, ABA: 0210-0008-9; Account Name: Assa Hausfeld Escrow; A/C#: 13991400

    **12.**    <u>Amendment; Waiver.</u>  Any amendment of this Agreement shall be binding only if evidenced by a writing signed by each of the parties to this Agreement. No waiver of any provision hereof shall be effective unless expressed in writing and signed by the party to be charged.

    **13.**    <u>Severability.</u>  The invalidity, illegality or unenforceability of any provision of this Agreement shall in no way affect the validity, legality or enforceability of any other provision. If any provision of this Agreement is held to be unenforceable as a matter of law, the other provisions shall not be affected thereby and shall remain in full force and effect.

    **14.**    <u>Mergers and Conversions</u>.  Any corporation or entity into which the Escrow Agent may be merged or converted or with which it may be consolidated, or any corporation or entity resulting from any merger, conversion or consolidation to which the Escrow Agent will be a party, or any corporation or entity succeeding to the business of the Escrow Agent will be the successor of the Escrow Agent hereunder without the execution or filing of any paper with any party hereto or any further act on the part of any of the parties hereto except where an instrument of transfer or assignment is required by law to effect such succession, anything herein to the contrary notwithstanding.

    **15.**    <u>Termination.</u>  This Agreement shall terminate and the Escrow Account shall be closed upon the distribution of all Escrow Property from the Escrow Account established hereunder in accordance with the terms of this Agreement, subject, however, to the survival of obligations specifically contemplated in this Agreement to so survive.

citi

16.     **Counterparts.**  This Agreement may be executed simultaneously in two or more counterparts, any one of which need not contain the signatures of more than one party, but all such counterparts taken together shall constitute one and the same agreement.  Signatures on counterparts of this Agreement executed and delivered in electronic format (i.e. "pdf") or by other electronic means (including DocuSign) shall be deemed original signatures with all rights accruing thereto except in respect to any non-US entity, whereby originals may be required.

**[Remainder of Page Left Intentionally Blank]**

IN WITNESS WHEREOF, each of the parties has caused this Agreement to be executed by a duly authorized representative as of the day and year first written above.

CITIBANK, N.A.,
as Escrow Agent

By: _____
Name:  Marion O'Connor
Title:  Senior Trust Officer

ASSA ABLOY INC.

By: _____
Name:  L. PAGE HESLIN
Title:  GENERAL COUNSEL +
        SECRETARY

\\4128-7337-2752  v6

**SCHEDULE A**

**ESCROW AGENT FEE SCHEDULE**

## SCHEDULE B

## AUTHORIZED PERSONS

Each of the following person(s) is an Authorized Person authorized to execute documents and to direct the Escrow Agent as to all matters on ASSA ABLOY's behalf.  The below listed persons (must list at least two individuals, if applicable) have also been designated Call-Back Authorized Individuals.

**ASSA ABLOY**

NAME: _____
TITLE: _____
PHONE: _____
CORPORATE EMAIL: _____

**Manual Specimen Signature**                    **DocuSign Specimen Signature**

NAME: _____
TITLE: _____
PHONE: _____
CORPORATE EMAIL: _____

**Manual Specimen Signature**                    **DocuSign Specimen Signature**

Please indicate those persons for online reporting or statement delivery:

|   | First Name | Last Name | Telephone | Corporate Email |
|---|---|---|---|---|
| 1 | | | | |
| 2 | | | | |
| 3 | | | | |

\\4128-7337-2752  v6

## EXHIBIT A

### Form of Joint Release Instruction and Joinder

[Date]

Citibank, N.A., as Escrow Agent
Agency & Trust
388 Greenwich Street
New York, NY  10013
Attn.: [●]
Telephone: [●]
E-mail: [●] / cts.spag@citi.com

RE: Escrow Agreement dated as of [●] (the "Escrow Agreement"), by and among [●], ("ASSA ABLOY") and Citibank, N.A., as escrow agent, (the "Escrow Agent").

Pursuant to Section 2(a) of the above referenced Escrow Agreement, ASSA ABLOY and Hausfeld  LLP ("Hausfeld") hereby jointly instruct the Escrow Agent to release $[●] from the Escrow Account as instructed below.

Bank: [_____]
ABA#: [_____]
Account Name: [_____]
A/C#: [_____]
Ref: [_____]

To the extent that any interest or other earnings are credited to the Escrow Account following the disbursement of the Escrow Property pursuant to this Joint Release Instruction and Joinder, we hereby jointly instruct the Escrow Agent to release such earnings to [●] pursuant to the wire instructions set forth above. Upon the disbursement of the Escrow Property (including any interest earnings thereon), we hereby jointly instruct the Escrow Agent to close the Escrow Account.

Hausfeld hereby also acknowledges, agrees and confirms that by execution of this Joint Release Instruction and Joinder, Hausfeld shall be considered and deemed to be a party to the Escrow Agreement as though Hausfeld had originally executed and delivered the Escrow Agreement and shall have all of the rights and obligations thereunder as if it had executed the Escrow Agreement. Hausfeld hereby ratifies, as of the date hereof, and agrees to be bound by, all of the terms, provisions and conditions contained in the Escrow Agreement.

Solely with respect to Section 11(b), the below listed persons (must list at least two individuals, if applicable) have also been designated Call Back Authorized Individuals for Hausfeld.

**Hausfeld LLP**

NAME: _____
TITLE: _____
PHONE: _____
CORPORATE EMAIL: _____

\\4128-7337-2752  v6

**Manual Specimen Signature**                    **DocuSign Specimen Signature**

NAME: _____
TITLE: _____
PHONE: _____
CORPORATE EMAIL: _____

**Manual Specimen Signature**                    **DocuSign Specimen Signature**

In accordance with Section 11, all notices and communications to Hausfeld shall be sent as follows:

[Insert contact details]

Capitalized terms in this instruction letter not otherwise defined shall have the same meaning given to them in the Escrow Agreement.

This Joint Release Instruction and Joinder may be executed simultaneously in two or more counterparts, any one of which need not contain the signatures of more than one party, but all such counterparts taken together shall constitute one and the same agreement. Signatures on counterparts of this Joint Release Instruction and Joinder executed and delivered in electronic format (i.e. "pdf") or by other electronic means (including DocuSign) shall be deemed original signatures with all rights accruing thereto except in respect to any non-US entity, whereby originals may be required.

A-1

IN WITNESS WHEREOF, each of ASSA ABLOY and Hausfeld have caused this Joint Release Instruction and Joinder to be duly executed and delivered as of the date first written above.


ASSA ABLOY Inc.


_____
Authorized Person


Hausfeld LLP


_____
Authorized Person

A-2

## EXHIBIT B

## Form of Certificate [and Joinder]

Citibank, N.A., as Escrow Agent
Agency & Trust
388 Greenwich Street
New York, NY  10013
Attn.: [●]
Telephone: [●]
E-mail: [●] / cts.spag@citi.com

RE: Escrow Agreement dated as of [●] (the "Escrow Agreement"), by and among [●], ("ASSA ABLOY") and Citibank, N.A., as escrow agent, (the "Escrow Agent") and [FINAL COURT ORDER] (the "Final Order")

This certificate is issued as of [●], pursuant to Section 2(b) of the above referenced Escrow Agreement and the Final Order. Capitalized terms herein shall have the meaning ascribed to them in the Escrow Agreement.

Attached hereto is a true and correct copy of the order of the United States District Court for the District of Columbia, which we certify is final and non-appealable and from a court of competent jurisdiction with proper authority.  In accordance with the order, we instruct you, as Escrow Agent, to release $[●] from the Escrow Account to [●] in accordance with the Final Order as instructed below.

Bank: [_____]
ABA#: [_____]
Account Name: [_____]
A/C#: [_____]
Ref: [_____]

All other amounts comprised of the Escrow Property shall remain in the Escrow Account in accordance with the terms of the Escrow Agreement.

[1][Hausfeld hereby also acknowledges, agrees and confirms that by execution of this Certificate and Joinder, Hausfeld shall be considered and deemed to be a party to the Escrow Agreement as though Hausfeld had originally executed and delivered the Escrow Agreement and shall have all of the rights and obligations thereunder as if it had executed the Escrow Agreement. Hausfeld hereby ratifies, as of the date hereof, and agrees to be bound by, all of the terms, provisions and conditions contained in the Escrow Agreement.

Solely with respect to Section 11(b), the below listed persons (must list at least two individuals, if applicable) have also been designated Call Back Authorized Individuals for Hausfeld.

**[Hausfeld]**

NAME: _____
TITLE: _____
PHONE: _____
_____

---
[1] Note to Draft: Only applicable to Hausfeld.

\\4128-7337-2752  v6

CORPORATE EMAIL: _____

**Manual Specimen Signature**                    **DocuSign Specimen Signature**




NAME: _____
TITLE: _____
PHONE: _____
CORPORATE EMAIL: _____

**Manual Specimen Signature**                    **DocuSign Specimen Signature]**


In accordance with Section 11, all notices and communications to Hausfeld shall be sent as follows:

[Insert contact details]


The undersigned hereby represents and warrants that it has been authorized to execute this certificate.


[ASSA ABLOY Inc.] [Hausfeld LLP]


_____
Authorized Person

\\4128-7337-2752  v6