# Exhibit 10

| | |
|---|---|
| From: | Melinda R. Coolidge |
| To: | Battaglia, Lauren E.; Isaacs, Miranda (ATR) |
| Cc: | Cohen-Millstein, Peter; Sega, Eric Richard; Breed, Logan M.; Owen, Jay (ATR); Huppert, Matthew (ATR); Dahlquist, David (ATR); Hiranda Donoghue; jmutchnik@kirkland.com; Bernick, Justin W. |
| Subject: | RE: ASSA ABLOY Monitoring Trustee |
| Date: | Friday, June 7, 2024 5:35:16 PM |
| Attachments: | image001.png |
| | image002.png |
| | Letter to ASSA ABLOY 6-7-24 with timeline.pdf |

**[EXTERNAL]**
Counsel,

Pursuant to the Department's request, my team has prepared an estimate of likely costs for the competitive intensity workstream from today until June 2026.

FJ § IV provides:

> If, after three years following the Divestiture Date and until the date that is five years from entry of this Final Judgment, the monitoring trustee determines, after investigation and consultation with the United States, ASSA ABLOY and Acquirer, that:
>
> a. Acquirer's competitive intensity in the residential Smart Locks business has diminished relative to ASSA ABLOY's competitive intensity in that business as of the Divestiture Date; and
>
> b. Such diminishment in competitive intensity is in material part due to limitations on Acquirer's right to use the rights held by ASSA ABLOY to the Yale brand name or trademarks in the U.S. and Canada as of the Divestiture Date, then
>
> the monitoring trustee may, after consultation with the United States, provide a written report of the monitoring trustee's conclusions to the United States.

This provision requires the monitoring trustee to conduct an "investigation" to "determine[]" whether Fortune Brands' post-divestiture competitive intensity declines "relative to ASSA ABLOY's pre-transaction competitive intensity" on residential smart locks, and, if so, whether the limitations on Fortune Brands' trademark rights materially contributed to the decline.

Our competitive intensity workplan includes work in 2024 Q2–Q4 to establish *ASSA ABLOY's pre-transaction competitive intensity* on residential smart locks, including:
- completing the benchmarking analysis using data previously produced by the parties in litigation and additional data not previously produced through the Divestiture Date;
- identifying and participating in interviews with the parties and potentially with customers as close in time as possible to the benchmark period;
- reporting to the DOJ; and
- setting up a process to obtain relevant data and documents on a recurring basis from the parties.

We estimate that work is likely to incur fees of between $1.0M and $2.5M across Bates White and Hausfeld. While we anticipate our work to be toward the lower end of the range,

the range reflects uncertainty around several factors, including the level of cooperation we receive in working with the parties to obtain the relevant data and documentation, issues working with and analyzing the data, and other issues and/or disputes that arise and require follow-up.

Assuming that this dispute is resolved quickly and we are able to resume our work in July 2024, then we expect to substantially reduce the pace of our work throughout 2025 and 2026 Q1. During this period, we expect there will continue to be ongoing dialogue with and reporting to the DOJ, as well as minimal efforts to monitor and understand evolution in the smart lock industry. We estimate total competitive intensity workstream fees in 2025 and 2026 Q1 will likely range from $20,000 to $50,000 monthly, or roughly $300,000 to $750,000. Naturally, if issues arise that require additional work from the competitive intensity team, fees would increase in response.

We expect to increase our efforts in Q2 2026 with regard to our "investigation and consultation with the United States" in order to "determine" on or around June 2026 ("three years following the Divestiture Date") whether Fortune's "competitive intensity in the residential Smart Locks business has diminished relative to ASSA ABLOY's competitive intensity in that business as of the Divestiture Date… and [s]uch diminishment in competitive intensity is in material part due to the limitations on [Fortune's] right to use the rights held by ASSA ABLOY to the Yale brand name or trademarks…." As a result, our estimated fees for this time period range from $500,000 to $1.2M.

Under the terms of the Final Judgment, the Monitoring Trustee is obligated to perform this investigation and consult with the United States. I hope that you find this additional information to be helpful in addressing your objections.

**MELINDA R. COOLIDGE**
US Managing Partner
mcoolidge@hausfeld.com
+1 202-540-7144 direct
*Pronouns: she/her/hers*



888 16th Street, N.W.
Suite 300
Washington, DC 20006
+1 202 540 7200
**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** Battaglia, Lauren E. <lauren.battaglia@hoganlovells.com>
**Sent:** Monday, June 3, 2024 3:47 PM

**To:** Isaacs, Miranda (ATR) <Miranda.Isaacs@usdoj.gov>
**Cc:** Melinda R. Coolidge <mcoolidge@hausfeld.com>; Cohen-Millstein, Peter <peter.cohen-millstein@hoganlovells.com>; Sega, Eric Richard <eric.sega@hoganlovells.com>; Breed, Logan M. <logan.breed@hoganlovells.com>; Owen, Jay (ATR) <Jay.Owen@usdoj.gov>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Dahlquist, David (ATR) <David.Dahlquist@usdoj.gov>; Hiranda Donoghue <Hiranda.Donoghue@fbhs.com>; jmutchnik@kirkland.com; Bernick, Justin W. <justin.bernick@hoganlovells.com>
**Subject:** RE: ASSA ABLOY Monitoring Trustee

Miranda,

Please see the attached correspondence.

Sincerely,
Lauren

**Lauren Battaglia**
Partner

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004-1109
Tel:      +1 202 637 5600
Direct:   +1 202 637 5761
Fax:      +1 202 637 5910
Email:    lauren.battaglia@hoganlovells.com
          www.hoganlovells.com

---

**From:** Isaacs, Miranda (ATR) <Miranda.Isaacs@usdoj.gov>
**Sent:** Friday, May 31, 2024 5:14 PM
**To:** Battaglia, Lauren E. <lauren.battaglia@hoganlovells.com>
**Cc:** Melinda R. Coolidge <mcoolidge@hausfeld.com>; Cohen-Millstein, Peter <peter.cohen-millstein@hoganlovells.com>; Sega, Eric Richard <eric.sega@hoganlovells.com>; Breed, Logan M. <logan.breed@hoganlovells.com>; Owen, Jay (ATR) <Jay.Owen@usdoj.gov>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Dahlquist, David (ATR) <David.Dahlquist@usdoj.gov>; Hiranda Donoghue <Hiranda.Donoghue@fbhs.com>; jmutchnik@kirkland.com
**Subject:** RE: ASSA ABLOY Monitoring Trustee

**[EXTERNAL]**
Apologies, all –

Resending the previous correspondence to include counsel for Fortune Brands. Hiranda and James, please see the attached correspondence.

Best,

Miranda Isaacs
Trial Attorney, Defense, Industrials, and Aerospace Section
Antitrust Division, US Department of Justice
450 Fifth Street NW
Washington, DC 20530
(202) 320-0658

---

**From:** Isaacs, Miranda (ATR)
**Sent:** Friday, May 31, 2024 3:18 PM
**To:** Battaglia, Lauren E. <lauren.battaglia@hoganlovells.com>
**Cc:** Melinda R. Coolidge <mcoolidge@hausfeld.com>; Cohen-Millstein, Peter <peter.cohen-millstein@hoganlovells.com>; Sega, Eric Richard <eric.sega@hoganlovells.com>; Breed, Logan M. <logan.breed@hoganlovells.com>; Owen, Jay (ATR) <Jay.Owen@usdoj.gov>; Huppert, Matthew (ATR) <Matthew.Huppert@usdoj.gov>; Dahlquist, David (ATR) <David.Dahlquist@usdoj.gov>
**Subject:** ASSA ABLOY Monitoring Trustee

Good afternoon,

Please see the attached correspondence.

Sincerely,

Miranda Isaacs
Trial Attorney, Defense, Industrials, and Aerospace Section
Antitrust Division, US Department of Justice
450 Fifth Street NW
Washington, DC 20530

---

**About Hogan Lovells**
Hogan Lovells is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP. For more information, see www.hoganlovells.com.

CONFIDENTIALITY. This email and any attachments are confidential, except where the email states it can be disclosed; it may also be privileged. If received in error, please do not disclose the contents to anyone, but notify the sender by return email and delete this email (and any attachments) from your system.

PRIVACY. Hogan Lovells processes personal data, including data relating to email communications, in accordance with the terms of its privacy policy which is available at www.hoganlovells.com/en/privacy.