**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*Plaintiff*,<br><br>v.<br><br>ASSA ABLOY AB<br><br>and<br><br>SPECTRUM BRANDS HOLDINGS, INC.<br><br>*Defendants.* | Case No. 1:22-cv-02791-ACR |

**[PROPOSED] ORDER GRANTING ASSA ABLOY AB'S MOTION FOR**
**CLARIFICATION OF THE FINAL JUDGMENT**

Upon consideration of ASSA ABLOY AB's ("ASSA ABLOY") Motion for Clarification of the Final Judgment, and any responses or replies thereto, **IT IS HEREBY ORDERED** that the Motion is **GRANTED**. Pursuant to Section XV of the Final Judgment (ECF No. 143), the Court hereby clarifies the "competitive intensity" inquiry authorized by the Final Judgment:

1.      The "competitive intensity" inquiry is limited in time. The Final Judgment does not contemplate a continuous analysis of "competitive intensity" study for five years. Rather, the Final Judgment dictates that the Monitoring Trustee, "after three years following the Divestiture Date and until the date that is five years from the entry of this Final Judgment," is tasked with determining whether the smart lock business ASSA ABLOY divested to Fortune Brands Innovations, Inc. ("Fortune") "diminished" in "competitive intensity" relative to "ASSA

ABLOY's competitive intensity in that business as of the Divestiture Date." *See* ECF No. 143 at Section IV.

2.      The "competitive intensity" inquiry is limited in subject matter.  Pursuant to the Final Judgment, if the Monitoring Trustee identifies a diminution in "competitive intensity" "after three years following the Divestiture Date," the Monitoring Trustee is authorized to evaluate whether that "diminishment in competitive intensity is in material part due to limitations on [Fortune's] right to use the rights held by ASSA ABLOY to the Yale brand name or trademarks in the U.S. and Canada as of the Divestiture Date." *Id.*  The Final Judgment does not contemplate the Monitoring Trustee investigating whether factors unrelated to "limitations on [Fortune's] right to use the rights held by ASSA ABLOY to the Yale brand name or trademarks in the U.S. and Canada" resulted in a "diminishment in competitive intensity." *Id.*

3.      The "competitive intensity" inquiry is limited to certain market participants.  The Final Judgment contemplates that the Monitoring Trustee may investigate, as part of its "competitive intensity" inquiry, (i) ASSA ABLOY, "as of the Divestiture Date;" and (ii) Fortune, for the period "three years following the Divestiture Date and until the date that is five years from entry of this Final Judgment." *Id.*

4.      The "competitive intensity" inquiry is limited to the "residential Smart Locks business," as defined in the Final Judgment. *Id.*  The Final Judgment does not contemplate the Monitoring Trustee investigating other business segments, including the multifamily smart lock business or commercial smart lock business.

The Monitoring Trustee is instructed to comply with this Order when performing the "competitive intensity" inquiry contemplated by the Final Judgment.

**SO ORDERED** this _____ day of _____, 2024.

_____
Hon. Ana C. Reyes
United States District Judge