IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>ASSA ABLOY AB, *et al.*,<br><br>*Defendants*. | Civil No. 1:22-cv-02791-ACR |

**PLAINTIFF'S RESPONSE TO FORTUNE BRANDS
INNOVATIONS, INC.'S MOTION FOR LIMITED INTERVENTION**

On June 15, 2025, Fortune Brands Innovations, Inc. ("Fortune) moved to intervene in this action for the limited purpose of compelling Defendant ASSA ABLOY AB ("ASSA") to agree to extend supply agreements between Fortune and ASSA that are required by the Court's Final Judgment. Given the unique circumstances of this case, the United States supports Fortune's motion for limited intervention. Fortune is best positioned to explain why the expiration of the supply agreements would impede its ability to compete in the residential smart lock market.

On the substance of Fortune's motion, the United States agrees that an extension of the supply agreements is appropriate. The United States approved that extension under the Final Judgment, based on Fortune's well-supported representations that expiration of those supply agreements would harm competition in the residential smart lock market and other markets. As previously explained, these supply agreements aim to "help to ensure that Fortune will not face disruption to its supply during an important transitional period," ECF No. 129 at 11-12, and Fortune now faces the very disruption that the Final Judgment was designed to prevent.

The United States agrees with Fortune's interpretation of Sections V(K) and VI(K) of the Final Judgment. The United States respectfully submits that the purpose of those sections is to allow Fortune to "seek[] an extension" from ASSA, of which ASSA must then "notify the United States," and as to which the United States then may approve or disapprove "in its sole discretion." ECF No. 143 §§ V(K), VI(K). Permitting ASSA to handicap its competitor, Fortune, by vetoing a supply agreement extension sought by Fortune and approved by the United States would be contrary to the Final Judgment and would harm competition.

Dated: June 16, 2025

                                                                             Respectfully submitted,

                                                                             /s/ *Matthew Huppert*
                                              Matthew R. Huppert
                                              Miranda Isaacs
                                              Trial Attorneys
                                              UNITED STATES DEPARTMENT OF JUSTICE
                                              ANTITRUST DIVISION
                                              450 Fifth Street N.W., Suite 8700
                                              Washington, DC 20530
                                              Telephone: (202) 476-0383
                                              Email: Matthew.Huppert@usdoj.gov

                                              *Counsel for Plaintiff United States of America*